292 So.2d 763 (1974)
Miriam OLIVER, wife of Wayne VINSON
v.
Wayne VINSON.
No. 6104.
Court of Appeal of Louisiana, Fourth Circuit.
April 9, 1974.
*764 McGinity & Wootan, Patrick C. McGinity, New Orleans, for plaintiff-appellant.
Giles J. Duplechin & Associates, Theodore W. Nass, Metairie, for defendant-appellee.
Before REDMANN, STOULIG and BOUTALL, JJ.
STOULIG, Judge.
This appeal presents the issue of the trial judge's right to retroactively reduce past-due alimony payments.
On March 29, 1973, appellant, Miriam Vinson Whiddon, filed a rule to make past-due alimony and child support payments executory and to increase the amount of support for her two minor children. The amount of support had previously been determined in a judgment of divorce rendered May 25, 1970, which granted monthly alimony of $150 and child support of $500 per month ($125 per child). On May 12, 1972, Mrs. Vinson remarried. In June 1972, one child reached majority and a second one in February 1973. In her rule appellant only claims alimony to the date of her marriage and child support for the two minors until they become 18 years of age. Her computation of the amounts past due as of April 27, 1973 are not disputed. The figures are:

Alimony and child support unpaid
 as of May 31, 1972 $ 510.00
Child support for 3 children
 June through January
 ($375 x 8) 3,000.00
Child support for 2 children
 February through April
 ($250 x 3) 750.00
 _________
 $4,260.00

During this period, more specifically August 14, 1972, appellee filed a motion to terminate alimony of his former wife because of her remarriage; to discontinue the child support for his daughter Laura, who reached the age of majority; and to decrease the support for his three remaining minor children. A copy of this motion was served[1] upon his former wife through her attorney of record. It should be noted that the record does not contain an appropriate order to set the rule for trial nor is it contended that it had been set when the motion was served on opposing counsel.
This motion remained dormant in the case file until eight months later when on April 13, 1973, mover's counsel filed a motion to fix the rule for trial. The trial judge set the matter for trial on Friday, April 27, 1973, apparently to coincide with the trial of plaintiff's rule.
After appellant established the amounts past due, appellee testified in connection *765 with his motion to end alimony and reduce child support. The court reduced the monthly support for the three children from $375 to $75 and made the decrease retroactive to August 14, 1972. In accord with this reasoning he allowed a credit of $2,100.50[2] against the arrearage of $4,260 and rendered judgment making the balance of $2,159.50 executory.
Appellant contends the trial judge erred, citing two jurisprudential rules to support her position, namely (1) once alimony payments accrue, they acquire the status of a property right of which the adjudicatee may not be divested (Pisciotto v. Crucia, 224 La. 862, 71 So.2d 226 [1954]); and (2) an alimony award remains in full force and effect until the judgment debtor applies to the court for and receives a modification.[3] (Coleman v. Coleman, 209 So.2d 801 [La.App. 2d Cir. 1968]).
We do not agree these principles support the proposition that the reduction of an award may only take effect prospectively from the date of judgment. In Sampognaro v. Sampognaro, 222 La. 597, 63 So.2d 11 (1953), and Duplechan v. Duplechan, 270 So.2d 264 (La.App. 3d Cir. 1972), the courts awarded a reduction and made the decrease retroactive to the date the rule to reduce was filed. We note in these cases the retroactive effect of the reduction was not at issue. The language in Coleman that the judgment remains in effect until the husband applies for and receives a modification does not preclude a decrease retroactive to the date the rule was filed or the application made. We hold the effective date of the reduction falls within the discretion of the trial judge and is circumscribed only by the limitation that it cannot adversely affect any vested property status of support accruing prior to the filing of the rule to modify and should be determined by the circumstances of the individual case.
In this case more than eight months elasped between the date the motion for reduction was filed and the judgment was rendered. In oral reasons, the trial judge stated:
"* * * [T]hat there are extenuating circumstances which prevented the matter from being brought to the Court's attention until now and is convinced that the failure to do so reflects no fault on the part of either party, and so any judgment relative to alimony will relate back to the date of the filing of the rule for reduction * * *."
While he did not specify the circumstances, we assume he alluded to appellee's two hospitalizations between the date of filing and the trial of the rule. If under these circumstances, the trial judge deemed it just to make the decrease retroactive to date of filing, we will not disturb his judgment, for we find no abuse of his discretion.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.
NOTES
[1] August 16, 1972.
[2] The judgment and credit are explained in oral reasons. The trial judge, recognizing the property right status of past-due alimony, allowed the full amount of alimony and child support which had accrued prior to the filing of the motion to modify the award. He determined $960 alimony and child support was due at the end of June 1972; $562 in child support was accrued for July and one half of August; and $637.50 reduced child support accrued between August 15, 1972 and April 27, 1973. This totals $2,159.50.
[3] It is beyond doubt that appellee's motion of August 14, 1972 constituted an application for a modification of the support award. The only issue before us is the effective date of the modification received, i. e. date of filing or date of judgment.