421 So.2d 458 (1982)
Brenda Gail Savage DUPUY, Plaintiff-Appellee (Defendant in Rule)
v.
Ronald James DUPUY, Defendant-Appellant (Plaintiff in Rule).
No. 82-222.
Court of Appeal of Louisiana, Third Circuit.
October 13, 1982.
*459 Rodney M. Rabalais, Marksville, for defendant-appellant.
Charles A. Riddle, III, Marksville, for plaintiff-appellee.
Before DOMENGEAUX, DOUCET and YELVERTON, JJ.
YELVERTON, Judge.
Ronald James Dupuy filed a rule to terminate child support payments and to enforce child visitation privileges and for contempt against his former wife, Brenda Gail Savage Tarpley. From the dismissal of this rule, the plaintiff in rule husband has appealed.
The sole issue raised on appeal is whether the trial court abused its discretion in failing to modify the prior child support award.
The parties were married in 1973 and divorced on May 16, 1980. Two children were born of the marriage. The judgment of divorce ordered the father to pay the mother $100 per month per child for the support of the two minor children and to pay all medical, dental and pharmaceutical bills incurred by the children. On October 9, 1980 the father filed a rule for suspension of the payments of child support alleging he had been totally disabled since June 18, 1980. A hearing was held on October 21, 1980 and a judgment was rendered ordering that one half of the child support payments be suspended for a period of six months beginning November 1.
On February 11, 1982 the father filed the present rule to terminate the child support payments. The basis for this rule  the disabling accident of June 1980  was the same as that which had resulted in the October 1980 suspension of half of the support payments. A hearing was held on March 5. The rule was dismissed on March 9, 1982.
The uncontradicted testimony of Dupuy revealed the following facts:[1] In June 1980 Dupuy suffered a work related accident while working for ODECO resulting in injuries to his back with damage to his central nervous system. He was unsure as to the extent of his injuries and was being treated by Dr. Bertuccini in Lafayette, Louisiana. Dupuy had previously broken his neck in another accident in 1979. Since the 1980 accident Dupuy has attempted to work on several occasions but has been unable to work because of his injuries and was advised by his doctor not to work until surgery has been performed. Dupuy was living with his mother at the time of the hearing and has been receiving $56 per week maintenance and cure from his former employer since January 1982. Such amount is insufficient for him to live on and his mother has been helping with his expenses. Dupuy had no other source of income. Dupuy had a suit pending in federal district court against his former employer.
The record reveals also that a summary hearing was supposed to be held before a federal magistrate two weeks after the *460 hearing on this rule for the determination of whether Dupuy was entitled to compensation benefits prior to January 1982.
A trial court has considerable discretion in determining whether to modify child support awards and such determination will not be reversed except for an abuse of that discretion. Baer v. Simon, 334 So.2d 796 (La.App. 3 Cir.1976).
Under LSA-C.C. Art. 232 the discharge from or reduction of the alimony owed for the support of children may be sued for and granted "when the person who gives or receives alimony is replaced in such a situation that the one can no longer give, or that the other is no longer in need of it, in whole or in part..." Therefore one seeking a modification of an award for child support must show a change in the circumstances of the recipients or of the person obligated to pay. Walker v. Walker, 395 So.2d 433 (La.App. 3 Cir.1981). However, it is not every change in circumstances of the person obligated to pay which warrants a modification. As the court stated in Moore v. Moore, 380 So.2d 180 (La.App. 2 Cir. 1980):
"The support obligation imposed on the father and the mother of minor children by CC Art. 227 is firmly entrenched in our law and is a matter of public policy. Neither equity (CC Art. 21) nor practical inability to pay (CC Art. 232) overrides this policy or allows a parent to avoid paying his or her share of the obligation where the inability arises solely from that parent's own neglect and failure. Laiche, [237 La. 298, 111 So.2d 120] supra. See also Halcomb v. Halcomb, 343 So.2d 1183 (La.App. 3d Cir.1977); Baer v. Simon, 334 So.2d 796 (La.App. 3d Cir.1976); Tablada v. Tablada, 356 So.2d 1031 (La.App. 1st Cir.1977); Shows v. Shows, 345 So.2d 975 (La.App. 2d Cir.1977), cert. denied; Theriot v. Melancon, 311 So.2d 578 (La.App. 3d Cir.1975).
"In the absence of a fortuitous change in circumstances authorizing a reduction in child support, a parent even in financial straights, is obligated to support the legitimate needs of his or her children during their minority. Halcomb, supra."
In the present case the uncontradicted testimony of the father did establish a change in his financial circumstances. He was involved in an accident in June 1980 disabling him to the extent that he has been unable to work. His only source of income was the $56 per week check for maintenance and cure. He had minimized his expenses by living with his mother who aided in his support. We feel that such a fortuitous change in circumstances, although not authorizing a complete discharge of his obligation to support his children, does warrant a reduction of the prior child support award.
Reasons for its decision were not given by the trial court. However, the trial judge participated in the questioning of plaintiff in rule and from the nature of these questions we can detect that the court below probably rested its decision on one of two considerations. First, the court appears to have been under the mistaken belief that its suspension order was still in effect, and that the father was under an existing obligation to pay only $50 a month per child.[2] If this had been the case, we would agree that no further reduction is warranted. Actually, however, the suspension period had expired for almost a year. The other ostensible reason for his denial of termination, or at least a reduction (assuming he became aware later in the trial that the suspension period had terminated and that $100 a month per child was currently due) was his expectation that the father would soon come into some money from his lawsuit. There was testimony by the father, in response to the court's questioning, that he was anticipating a good settlement *461 from his personal injury suit against his employer and that there was to be a summary hearing on whether he was entitled to back compensation benefits. If the latter was the basis for the decision, then that is conjectural and should not have been taken into account.[3]
Whatever the reason, we find that the trial judge was in error in failing to reduce the prior award. Under the circumstances of this case we find a reduction of $50 per child to be reasonable. It may be that at some future date the financial circumstances of the father will change and at that time the mother is free to file a rule for an increase in child support.
For the reasons assigned the judgment appealed from is amended so as to reduce the award of child support from $100 per month per child plus medical, dental and pharmaceutical payments to $50 per month per child plus medical, dental and pharmaceutical payments. In all other respects, the judgment appealed from is affirmed. Defendant in rule, Mrs. Tarpley, is to pay all costs of this appeal.
AMENDED AND AFFIRMED.
NOTES
[1] Due to a recording malfunction or a defect in the tape, part of the testimony of Mr. Dupuy was not recorded. Pursuant to LSA-C.C.P. Art. 2132 counsel for the parties have stipulated as to the substance of this testimony for purposes of this appeal.
[2] (Questions by the court):

"Q. First of all, you came to court, not too long ago, in October, I believe, and you had your child payments  the regular payments suspended and a lesser amount inserted for six months, is that correct?
"A. Yes, sir.
"Q. All right, you're now suppose to be paying fifty dollars per month per child, is that correct?
"A. That's correct."
[3] Until there is a settlement or a final judgment such anticipated financial ability should not be considered in the determination of the child support award. In Bernard v. Bernard, 300 So.2d 499 (La.App. 3 Cir.1974), this court found testimony as to anticipated losses of a corporation conjectural and failed to consider such testimony in its determination of whether the trial court committed manifest error in its child support award.