428 So.2d 1326 (1983)
Carolyn Sue RICHARDSON, Plaintiff-Appellee,
v.
Donald G. RICHARDSON, Defendant-Appellant.
No. 82-645.
Court of Appeal of Louisiana, Third Circuit.
March 9, 1983.
*1327 Paul Boudreaux, Jr. of Gaharan & Wilson, Jena, for defendant-appellant.
Paul P. Wilkins, Columbia, for plaintiff-appellee.
Before FORET, CUTRER and KNOLL, JJ.
CUTRER, Judge.
This appeal emanates from a trial court judgment ordering an increase of the child support payments by the father. The father appeals and we affirm.
The marriage of Carolyn and Donald Richardson ended in divorce on February 28, 1978. The divorce judgment awarded custody of the two minor children (Robert, born in 1967, and Donna, born in 1970) to Carolyn. Donald was ordered to pay $150.00 per month child support.
The following year, 1979, by agreement of the parties, Robert was allowed to begin living with his father and the child support for Donna was reduced by agreement from $150.00 to $100.00 per month. There was apparently no judicial involvement in this change.
On July 6, 1982, Carolyn filed a rule seeking an increase of child support. Donald also filed a rule seeking legal custody of Robert and child support payments to be made by Carolyn.
These rules were consolidated for trial. The parties stipulated that the custody of Robert would be transferred to Donald. Respective visitation privileges by Carolyn and Donald were also stipulated. The child support issue was tried.
The trial court rendered judgment awarding custody and visitation according to the stipulations. The trial court increased the child support payments to Carolyn to $200.00 per month. Donald's request for child support from Carolyn was denied.
Donald's appeal presents three issues:
(1) Whether the trial court abused its discretion in allowing Carolyn an increase in child support;
(2) Whether the trial court abused its discretion in refusing to order Carolyn to pay child support for Robert; and
(3) Whether the trial court was in error in casting Donald for costs of the hearing.

INCREASE IN CHILD SUPPORT
"Fathers and mothers, by the very act of marrying, contract together the obligation of supporting, maintaining and educating their children."[1] The amount of support is determined according to the needs of the child or children as well as the circumstances of those who are obligated to *1328 pay it. Goodrich v. Goodrich, 421 So.2d 962 (La.App. 3d Cir.1982); Duplantis v. Monteaux, 412 So.2d 215 (La.App. 3d Cir.1982).
In order to produce a change in child support determined in a judgment the desirous party must show a change in the financial condition of one of the parties. Shackleford v. Shackleford, 411 So.2d 736 (La.App. 3d Cir.1982).
A trial court is possessed of considerable discretion in deciding whether to modify child support awards. Such awards will not be reversed except for an abuse of this discretion by the trial court. Dupuy v. Dupuy, 421 So.2d 458 (La.App. 3d Cir.1982); Baer v. Simon, 334 So.2d 796 (La.App. 3d Cir.1976).
Donald has been employed as a forest technician for the International Paper Company for a period of fourteen years. His gross salary at the time of the hearing in August 1982 was $1,700.00 (net $1,260.00) per month. He stated that his salary had significantly increased since the divorce judgment in 1978. Following divorce, Donald had married Jackie Richardson. At the time of the hearing, Jackie was employed as a teller with the LaSalle State Bank earning gross pay of $700.00 per month (net $580.00) plus a bonus each year. Her bonus in 1980 was $100.00 and 1981 was $500.00.
In addition, Donald and Jackie had become engaged in a business venture selling Amway products. The testimony concerning their income from this business is confusing. Donald and Jackie stated that the Amway business was increasing. The brief filed on behalf of Donald states that the income from Amway was $83.94 per month. We conclude that the income from this venture was at least this sum or probably more.
We note that Donald and his present wife have installed and paid for a swimming pool and renovations in their home.
Donald lists his living expenses as $2,066.50, allotting $384.00 of this as expenses for Robert's upkeep.
Carolyn is employed as a dispatcher for Melton Truck Lines earning a gross pay of $950.00 per month (net $745.42). She lists expenses of $906.59. She lists $560.59 as expenses for maintenance of Donna.
After a review of the record, we conclude that Donald's income has increased significantly since the original award of child support was made in 1978. The increase of income fully supports the trial court's increase of child support for Donna to $200.00 per month. We find no abuse of discretion by the trial court. Dupuy v. Dupuy, supra; Baer v. Simon, supra.

DENIAL OF CHILD SUPPORT TO DONALD
Upon being awarded custody of Robert, Donald felt he was entitled to child support from Carolyn. Citing jurisprudence espousing the principles of child support described above, Donald claimed Carolyn is obliged to contribute to the support of her son, Robert.
Carolyn works nine hours each week day and one-half day on Saturday. As we consider her salary and expenses as set forth heretofore, Carolyn is not capable of contributing to the support of Robert.
Ordering Carolyn to pay child support for Robert would do no more than cancel the effect of the child support she is receiving from Donald for the support of Donna. Considering the trial court's dismissal of Donald's claim for child support in the light of the totality of the circumstances, we do not find that the trial court abused its discretion in this matter. Dupuy v. Dupuy, supra; Baer v. Simon, supra.

COSTS
The last issue presented in the appeal concerns the imposition of costs upon Donald Richardson. Counsel for Donald states in his brief that, since a portion of Donald's rule concerned visitation privileges which were stipulated to at the hearing, Donald was partially successful in this matter. On such a basis Donald contends that court costs in this matter should be cast against Carolyn, or, alternatively, divided equally between the parties.
*1329 Such a contention can best be disposed by referring to LSA-C.C.P. art. 1920 which provides, in pertinent part, "Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable." (Emphasis supplied.)
LSA-C.C.P. art. 1920 provides the trial court with discretion in assessing costs. We do not find that the trial court abused its discretion in assessing costs to Donald.
For the foregoing reasons the trial court's judgment is affirmed. Donald Richardson, appellant, is to pay costs of this appeal.
AFFIRMED.
NOTES
[1] LSA-C.C. art. 227.