YELVERTON, Judge.
The only issue presented by this appeal is whether the trial court erred in granting an increase in child support payments. Because we find the wife failed to prove there was a change of circumstances justifying such an increase, we reverse the judgment of the trial court.
Plaintiff in rule-appellee Janice Ryder Roy and defendant in rule-appellant Christopher Roy were married April 8, 1961, in Rapides Parish, Louisiana. Five children were born of the marriage. On October 29, 1979, Mr. Roy filed for legal separation. In a rule hearing prior to the separation judgment custody of the children was granted to the mother and child support was set at $200 per month for each of the four minor children. Under that judgment Mr. Roy was also ordered to pay the following- obligations beneficial to the support of the children:
1) The monthly house payment on the family home.
2) House insurance.
3) Automobile insurance on the two vehicles kept by Mrs. Roy.
4) Private school tuition for all the minor children.
5) Hospitalization group insurance.
Mr. Roy will receive a credit for these payments in a subsequent community settlement between the parties.
These same provisions for child support and payment of the above listed obligations were carried over into the judgment of separation rendered March 14, 1980. That judgment additionally provided that Mr. Roy pay Mrs. Roy’s maid services at the rate of $110 a week, and also the cost of music lessons for the children.
On September 29, 1981, the parties were granted a divorce.
On June - 7, 1982, Mrs. Roy filed the present rule for an increase in child support alleging that she was no longer employed and that Mr. Roy’s income had increased substantially. Mr. Roy answered the rule denying the allegations and further reconvened seeking a termination of his obliga *601 tion to pay child support for the child Michael Roy since he had reached the age of majority. The rule was heard on July 26, 1982. On November 5,1982, judgment was rendered in favor of Mrs. Roy increasing the amount of child support from $200 to $400 a month for each minor child and granting judgment in favor of Mr. Roy terminating his obligation of child support as to Michael. It is from this judgment Mr. Roy appeals.
As this court stated in Duplantis v. Monteaux, 412 So.2d 215 (La.App. 3rd Cir.1982):
LSA-C.C. art. 227 imposes upon the parents a mutual obligation of support, maintenance and education of their children. The amount of support is determined according to the needs of the child or children as well as the circumstances of those who are obligated to pay it. Prudhomme v. Prudhomme, 381 So.2d 906 (La.App. 3rd Cir.1980), writ den., 383 So.2d 782 (La.1980).
Child support judgments are subject to modification; however, the burden of proof rests upon the parent seeking an increase in child support to show that there has been a substantial change in circumstances of one of the spouses from the time of the initial decree. Barbier v. Barbier, 417 So.2d 57 (La.App. 1st Cir.1982); DeMarcay v. DeMarcay, 414 So.2d 845 (La.App. 4th Cir.1982). After examining the record we conclude Mrs. Roy failed in her burden of proof.
The record on appeal does not include most of the exhibits presented into evidence by the parties. Evidently they have been lost or misplaced. However, the attorneys for the parties during oral argument advised the court that the contents of the exhibits as described in their respective briefs are not in dispute, and we render this decision accordingly.
At the time of the initial decree Mrs. Roy filed an affidavit showing that the monthly living expenses for her and the four minor children amounted to $3,464.70 per month. Her net income at that time, as a school teacher, was $584 per month.
At the rule hearing for the increase in child support the evidence shows Mrs. Roy’s net income from teaching had increased to $1,097.61, including the $100 deducted each month to be placed in her savings account with the Rapides School Employees Credit Union. Mrs. Roy had also been receiving $300 a month for the rental of her cabana as an apartment. Mrs. Roy also testified that hers and her children’s monthly expenses at present amounted to $2,850 per month.
Mrs. Roy testified that she needed an increase in child support because as her minor children have grown older their clothing and food expenses have increased. Mrs. Roy also stated that if she received an increase she would no longer rent the cabana but would allow her two major sons to use it when they come home on visits from college.
The evidence shows that Mr. Roy had dissolved his former law partnership and was at the time of the trial of this rule a sole practitioner. In 1979 Mr. Roy earned $130,000 from his association in the partnership. In 1980, the year of the initial decree, he earned $108,975 from his association with his partnership. In March 1980 he entered into an agreement to dissolve the partnership. At the time of trial Mr. Roy stated his gross income from his practice amounted to $7,133.33 per month and that his net overall income amounted to $4,500 a month. He listed expenses which exceed his income. He owes sizable debts incurred during the existence of the community. The evidence also shows that he received some money in 1981 that belongs to his former partnership. He testified that these funds were placed into an account to await settlement of a partition suit' currently pending between him and his former partners.
Considering these facts we find that there has not been a substantial change in Mr. Roy’s financial condition or Mrs. Roy’s financial condition warranting an increase in child support. Therefore, we find the trial judge was in error in increasing the prior award. It may be that at some future *602 date the financial circumstances of the father will substantially change and at that time the mother is free to file a rule for an increase in child support.
For the reasons assigned the judgment granting the increase in child support is reversed and the initial judgment is reinstated. The judgment granting the defendant in rule’s reconventional demand to terminate the child support for Michael Roy is affirmed. Defendant in rule, Mrs. Roy, is to pay all costs of this appeal.
AFFIRMED IN PART and REVERSED IN PART.