GUIDRY, Judge.
On January 31, 1983, Verna Ann Kenner-son filed a petition for child support against Aaron J. Malveaux, Jr. alleging that he is the biological father of the minor child, Joshua D. Malveaux, and that he had formally and informally acknowledged paternity of the child. Plaintiff entered a preliminary default which was confirmed on March 23, 1983. The judgment fixing child support in the amount of $350.00 per month was signed, on March 28, 1983. Mal-veaux took a devolutive appeal from the judgment of March 28, 1983 but voluntarily abandoned that appeal.
On May 13, 1983, Ms. Kennerson brought a rule for contempt and to make the judgment for child support executory against Aaron J. Malveaux, Jr. On June 6, 1983, defendant answered and reconvened, seeking by rule to show cause a declaration of nullity of the child support judgment sought to be made executory. In response to the reconventional demand, plaintiff filed a dilatory exception of unauthorized use of summary proceedings. On June 22, 1983, after hearing, the trial court sustained plaintiff’s exception and dismissed plaintiff-in-reconvention’s action for nullity. Further, on its own motion, the trial court recognized that defendant’s reconventional demand stated a cause of action for reduction of the child support award of March 28, 1983. The trial court then proceeded to conduct consolidated hearings on plaintiff’s rules for contempt and to make child support payments executory and on defendant’s rule for reduction of child support. Thereafter, judgment was rendered in favor of plaintiff and against defendant for accrued child support in the amount of $1,050.00 plus attorney’s fees. Further, there was judgment finding defendant in contempt. Accordingly, he was sentenced to serve 15 days in the parish jail with the sentence being suspended for 90 days within which time defendant might pay the $1,050.00 and purge himself of contempt. On the reconventional demand, the trial judge rendered judgment in favor of plaintiff-in-reconvention and against defendant-in-reconvention, reducing the award for child support from $350.00 a month to $250.00 per month. This judgment was signed on July 14, 1983.
On July 26, 1983, defendant took a devol-utive appeal from the judgment signed July 14, 1983, seeking a further reduction in the child support award. Plaintiff has neither appealed nor answered defendant’s appeal.
The only issue before us on appeal is whether the trial judge abused his considerable discretion in failing to further reduce the child support award.
Defendant claims that the trial judge erred in granting the $250.00 monthly child support award contending that the plaintiff (defendant-in-reconvention) failed to establish at the hearing held June 22, 1983, that the child was in need of support.
The child’s need of support was established in the proceedings leading to the judgment of March 28,1983. There was no *253 necessity for a further showing of need by defendant in reconvention at the hearing on June 22, 1983. The party requesting a modification of a support award bears the burden of proving a change in the circumstances of one or more of the parties. At the June hearing plaintiff-in-reconvention failed to establish any change in the child’s circumstances. As to Malveaux’s circumstances, the record reflects that during the years 1980 and 1981 he worked for a transmission repair shop and earned gross wages of $26,360.00 in 1980 and gross wages of $21,632.00 in 1981. In the latter part of 1981, he opened his own transmission repair shop and admitted on cross examination that since going into business for himself his gross income has been greater. Malveaux also testified that the monthly living expenses for himself and his wife and child exceed his monthly net income. On the basis of this evidence the trial court reduced the child support award from $350.00 monthly to $250.00 monthly.
A trial court is possessed of considerable discretion in fixing or modifying child support awards. Such awards will not be disturbed on appeal except for a clear showing of an abuse of discretion. Dupuy v. Dupuy, 421 So.2d 458 (La.App. 3rd Cir.1982); Baer v. Simon, 334 So.2d 796 (La.App. 3rd Cir.1976). Our careful review of the record reveals no abuse of discretion in the instant case.
For the above and foregoing reasons, the judgment of the trial court is affirmed. Costs are assessed against defendant-appellant, Aaron Malveaux, Jr.
AFFIRMED.