LABORDE, Judge.
Plaintiff, Charles Theodore Beaullieu, Jr. (Charles), appeals from a trial court judgment ordering an increase of child support payments to his former wife, Karen Daigle Beaullieu (Karen), defendant. We affirm.
FACTS
On April 2, 1981, Charles and Karen were divorced. Karen was awarded custody of their two children, Bridgette Renne and Charles Theodore, III, now 9 and 5 years old, respectively. By consent of the parties, Karen received $500 per month child support. She did not receive any alimony and Charles was granted reasonable visitation rights. Karen’s salary was then $1,500 per month and Charles’ salary was $2,500-$3,000 per month.
On May 26, 1983 Charles filed a rule nisi to have the child support payments reduced. Karen subsequently filed a rule for an increase.
After hearing testimony from both Charles and Karen, the trial court increased the monthly payments from $500 to $800. Charles moved for a new trial to no avail, then perfected this appeal.
ISSUE
The sole issue before us is whether the trial judge abused his discretion in this instance by increasing the child support payments.
INCREASE IN CHILD SUPPORT
It is fundamental that parents, by their very act of marrying, contract together the obligation of supporting, maintaining, and educating their children. LSA-C.C. article 227. The amount of support is determined according to the needs of the children as well as the circumstances of those who are obligated to pay it. Richardson v. Richardson, 428 So.2d 1326 (La.App. 3rd Cir.1983); Goodrich v. Goodrich, 421 So.2d 962 (La.App. 3rd Cir.1982), writ denied, 427 So.2d 1209 (La.1983).
In order for a party to procure a reduction or increase in child support payments, he must show a change in the financial condition of one of the parties to the extent that the increase or decrease is clearly necessary from the circumstances. Shackleford v. Shackleford, 411 So.2d 736 (La.App. 3rd Cir.1982).
Charles is now self-employed and earns approximately $1,500 per month from his personally owned company. His total assets in land, vehicles and horses are valued at approximately $375,000.
Karen earns a net salary of $1,305.78 per month. The monthly expenses necessary for the children’s welfare are approximately $1,961.51. Karen shows that her expenses in maintaining the children in accord with their customary standards are greater than her combined income and child support payments of $500. Since the original child support payments of $500 per month, the children have needed speech therapy, which constitutes an added expense of $207.50 per month. School tuition has also increased because both children are now in school. Karen further shows *718 that her children now consume more and require greater financial expense in the form of clothing and other incidental matters. Karen has received only a $300 raise since the original support decree, hardly enough to off-set the increased costs of adequately providing for the children.
During the interim, Charles has voluntarily changed jobs by forming his own company. He contends that his income has diminished from approximately $3,000 to $937 per month. However, the record indicates that his present monthly expenses amount to $2,702, exclusive of child support. We also find that in addition to his employment income, he receives annual installment payments from previous land sales ranging from $5,152 to $4,000. Charles also has substantial interests in land, valued at $275,000, and in race horses and classic cars. He presently pays $800 per month to maintain an interest in the race horses, valued at $58,000.
Based on all of these facts, we find a substantial change in circumstances which warrants the increase in child support. We also find that Charles’ financial circumstances and means provide for such an increase from $500 to $800 per month.
In Hendrick v. Hendrick, 441 So.2d 2 (La.App. 3rd Cir.1983), we held that a parent’s obligation to support his children under LSA-C.C. art. 227 may require him, when necessary, to reduce his expenses or to designate funds to pay these high priority obligations. This paramount principle which insures the welfare of the children is applicable in this instance.
A trial court is possessed with considerable discretion in deciding whether to modify child support awards. A trial court’s modification and award will not be disturbed in the absence of an abuse of discretion. Dupuy v. Dupuy, 421 So.2d 458 (La.App. 3rd Cir.1982). We have reviewed the record. We find no abuse of discretion by the trial court.
For these reasons, the judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.