CHEHARDY, Judge.
Kenneth Rider appeals from a judgment increasing his child support payments to the sum of $1,200 per month, making past-due payments of $950 executory, finding him in contempt, and ordering him to pay his wife attorney’s fees of $200.
The original consent judgment set in 1978 awarded Mrs. Rider $100 per month for each child, to increase to $125 per month for each of the four children after two years. The judgment also gave Mrs. Rider the right to live in the family home, or if she preferred to live elsewhere with the children she was entitled to receive up to $350 per month for rent and utilities.
On February 2, 1984 Mrs. Rider filed a petition for divorce seeking permanent custody of the children, an increase in the award, an executory judgment for past-due support unpaid as of the date of the hearing and attorney’s fees of $200. She also prayed that her husband be found in contempt for failure to pay $350 of the sum due in December 1983 for rent.
The party seeking a change in the child support award must show a change of circumstances since the original award. Ducote v. Ducote, 339 So.2d 835 (La.1976); Stagg v. Stagg, 436 So.2d 1202 (La.App. 4 Cir.1983); Prudhomme v. Prudhomme, 381 So.2d 906 (La.App. 3 Cir.1980). It must also be shown that the children are actually in need of the additional monetary support. Duncan v. Duncan, 408 So.2d 449 (La.App. 1 Cir.1981). The burden of proof is on the party seeking the increase. Roy v. Roy, 435 So.2d 600 (La.App. 3 Cir.1983).
In support of this burden Mrs. Rider testified her expenses have increased substantially. The children, now ages 12, 9, 8 and 7, are all in school. She was working four days per week from 8:30 a.m. to 5:30 p.m., earning $144 per week, but it cost $76 per week for after-school child care, plus gasoline expenses to and from her place of employment. She was terminated when her car broke down. She itemized her monthly expenses as $2,189.20. They include $460 rent; food $750 ($600 of which is attributable to the children); clothing $96; transportation $125 (including car repairs, gasoline, etc.); medical and dental $50; drugs and medicines $15; utilities $265; repayment of a student loan $150; miscellaneous $200, including admission to events and other purchases for the four children; and education expenses of $78.20 for them.
Her income for a family of five is so low that she is not required to pay for their school lunches, as the child support payments are her only income. She hopes to secure another job soon, but as the trial judge correctly recognized, her expenses for sitters and other job-related expenses will not add substantially to her income. He therefore provided in the judgment that in the event she does secure a job, the support payments are not to be reduced.
Mrs. Rider further testified that the $350 rental allowance of the prior judgment is inadequate because the rent is now $460 per month. If the rent is paid by the fifth there is a $50 discount, but Mr. Rider sends the support checks at the end of each month so she is unable to take advantage of the discount.
Considering the increase in rent, the fact that the wife is no longer employéd, and the additional educational needs of the children, we agree that a change of circumstances has been shown.
*609 Mr. Rider has an income of $34,000 per year as marketing director for a Colorado corporation. He is required to travel and receives reimbursement from his company for these expenses. He also has two businesses of his own which provide him with additional income. He sells Necchi sewing machines at hotels in various cities throughout the State and opened a Ranch Meat operation which his wife helped him set up. He claims to have only the one business at this time.
He itemized his gross monthly income as $2,841.67 and expenses as $3,091.82. This includes the $850 he is already paying for child support and rent.
We note his expenses exceed his income. Nevertheless he indicates on that affidavit that he can afford to pay $950 for child support.
He neglected to include income of $250 per month rent received for the four-bedroom home the family lived in before Mrs. Rider and the children moved. He is renting it to friends. As the trial court pointed out, Mr. Rider is wasting assets, as a four-bedroom home is worth more rent than he is receiving.
After hearing all of the evidence the trial court concluded Mrs. Rider is not receiving enough for four children, because she has no income other than the child support.
On the other hand, Mr. Rider has an income of at least $34,000 per year. Based upon the husband’s ability to pay, the court awarded $1,200 per month, not because it was sufficient to meet the monthly expenses of the children, but because he concluded Mr. Rider did not have the ability to pay more at the present time.
In fixing the amount of support the trial judge is vested with considerable discretion. The record does not support appellant’s contention that the judge abused his discretion here in setting the award at $1,200 per month. See Ducote v. Ducote, supra.
The most serious question presented for our determination is the issue of contempt. In her petition Mrs. Rider alleges her husband’s failure to pay $350 for rent for the month of December constitutes contempt. However when the matter came to trial the sum at issue was $950, because shortly prior to trial the husband had given his wife an NSF check for $600. The judge also objected to Mr. Rider paying the support at the end of the month instead of the beginning of the month, because the rent became due at that time as did the grocery bills. The original judgment, however, was silent as to when the monthly payment was due. The new judgment avoids that problem, specifying the dates upon which payments are to be made.
Mr. Rider contends he is not guilty of contempt because the judgment provided for payment of rent only if his wife and the children were not residing in the family home (which is Mr. Rider’s separate property).
He testified Mrs. Rider and the children had been living in the home until November 22, 1983, at which time his wife walked out and left him with the children to care for. He placed a family in the home to care for the children and looked after the children himself until she returned sometime in December. She did not notify him where she was going or where he could reach her. He later found she had gone to live with relatives.
Mr. Rider did not pay December rent (although he did make the child support payment in December), because she had not moved into an apartment until January 1984, and therefore no rent was due.
He complains because the trial court refused to admit evidence to show that by previous agreement the parties had agreed on what circumstances would produce the need for rental payments.
Since the judgment itself provides when the rental payments are to become due, the only evidence necessary was when the wife and the children resided together elsewhere than the family residence.
Thus when Mrs. Rider left without the children in November she was clearly not entitled to the rent, and since she did not *610 have an apartment until January 1984 no rent was due until that time. When Mrs. Rider got an apartment and the children all resided with her Mr. Rider did pay the rent up to $350, as called for by the judgment.
A contempt proceeding is a quasi-criminal proceeding in which the instances of noncompliance with the court’s rulings must be correctly, precisely and explicitly set out so that the party cited for contempt may know the charges against him. Debetaz v. Debetaz, 421 So.2d 379 (La.App. 1 Cir.1982).
It does appear that shortly before trial Mr. Rider gave his wife a $600 NSF check. This clearly was through no fault of his own. The evidence reflects that his Colorado employer is authorized to deposit his pay checks directly into his Louisiana bank account. He is supposed to be paid on the first and the fifteenth, but the company did not mail the check on time. Unaware of that fact Mr. Rider was shocked when his wife called to say the check was not good.
He immediately called the bank and then called the company, which confirmed the error. He then told the children to have Mrs. Rider call at the sewing machine store and he would give her cash from a friend who had volunteered to advance it. She did not go to get the money, and the next day he gave her a check from his business account.
Under all of the circumstances we do not feel that the evidence supports the finding of contempt on the part of the husband, and we will set aside the adjudication of contempt and the jail sentence of 30 days (suspended) imposed thereunder.
The judgment making past-due support of $600 executory (representing the NSF check) is correct, but we do not agree that the wife has met her burden of proof that $350 rent was due her for the month of December, and we will amend the judgment accordingly.
LSA-R.S. 9:305 provides that attorney’s fees and costs shall be awarded in any action to make past-due alimony and child support executory. Mr. Rider challenged the award of $200 for attorney’s fees. Since Mr. Rider was in arrears at the time the rule was heard Mrs. Rider is entitled to the award, which, considering the work involved, was eminently reasonable.
For the reasons assigned the judgment appealed from is affirmed insofar as it increases the award for child support to the sum of $1,200 per month, and awards the wife and her attorney $200; it is amended to reduce the amount of past-due child support from the sum of $950 to the sum of $600 and the judgment is reversed to set aside the adjudication of contempt and the jail sentence imposed thereunder.
AFFIRMED IN PART; AMENDED IN PART; AND REVERSED.