DOMENGEAUX, Judge.
This appeal is brought by a wife who contests the judgment of the district court which reduced alimony pendente lite and child support. The appellant alleges the trial judge committed manifest error in finding that the appellee demonstrated a change of circumstances warranting a reduction.
Linda Ellington Johnson married Michael J. Johnson on October 7, 1977. Of this union four children were born. The husband filed for a separation from bed and board on July 29, 1983, and the consent judgment decreeing the separation was signed on August 23, 1983. The judgment of separation granted custody of the children to the wife and set the visitation rights of the husband. The judgment further required the husband to pay alimony pendente lite in the sum of $800.00 per month and $1,000.00 per month in child support. On December 16, 1983, the husband filed a rule to show cause why alimony pendente lite and child support should not be reduced. The wife answered the rule. The trial court subsequently entered a modification judgment reducing alimony pendente lite to $400.00 per month and child support to $500.00 per month. From this judgment the wife appealed devolutivety-
Evidence at trial established that the appellant-wife held a temporary job while she attended college classes. She worked between 30 and 40 hours per week and earned $4.00 per hour. The appellee-hus-band is an attorney who has been practicing for approximately 8 years. He is employed as an Indigent Defender for Avo-yelles Parish and he maintains a civil practice on the side. His gross monthly income, for the month preceeding the separation and thereafter, has been approximately $2,400.00 per month. The husband testified that his office expenses average $600.00 per month, his living expenses were approximately $1,500.00 per month, and that he had, since the judgment of separation, incurred an unwritten obligation to his father of about $10,000.00. There existed at the date of the hearing several community obligations which were “incurred but ... not due” before the judgment of separation. These community obligations consisted of a mortgage note held by the Cottonport Bank on which $821.00 was due each month, an approximately $87,000.00 note held by the Avoyelles Bank, and a loan from the Union Bank to finance the purchase of a Lincoln automobile which was payable in $450.00 monthly installments. The record reveals uncontra-dicted testimony that all of these community obligations were past due, that the Avo-yelles Bank had threatened suit, and the Union Bank had notified the appellee of its intent to repossess the automobile as soon as a buyer could be found.
Initially it should be noted that the trial judge has great discretion in alimony and child support modification proceedings and his findings should be given *100 great weight. Baer v. Simon, 334 So.2d 796 (La.App. 3rd Cir.1976); Dupuy v. Dupuy, 421 So.2d 458 (La.App. 3rd Cír.1982). The time-honored standard for determining whether a modification of alimony penden-te lite is warranted is “change of circumstances.” Whatley v. Whatley, 430 So.2d 129 (La.App. 2nd Cir.1983); Creech v. Creech, 449 So.2d 1192 (La.App. 2nd Cir. 1984); La.C.C. Art. 232. The same standard applies in a case seeking the modification of a child support award. Trice v. Trice, 428 So.2d 1265 (La.App. 3rd Cir. 1983); Roy v. Roy, 435 So.2d 600 (La.App. 3rd Cir.1983), writ not considered, 439 So.2d 1069 (La.1983); La.C.C. Art. 232.
In the present case, the appellant argues that a change of circumstances has not been shown by the appellee, and therefore, the trial court committed manifest error when granting the alimony and child support reductions. At trial, the change of circumstances of the appellee was advanced in two contexts — a decrease in income and an increase in obligations. In oral reasons for his judgment which were transcribed for the record, the trial judge found a change in the appellee’s circumstances since the date of the judgment of separation containing the original support awards. Based on the testimony before him, he felt the appellee was not financially able to adhere to the scheduled support payments.
We first turn to the issue of whether the appellee has shown an actual decrease in income. The record indicates that 80% of the appellee’s income was derived from his employment as an Indigent Defender, and that 20% of his income came from his private practice of law. In support of his claim of decreased income appel-lee testified at trial that he was unable to practice his profession due to “[a] very very emotional upsetting period” in his life. The appellee presented no medical evidence confirming his inability to practice, nor did he offer proof of having or attempting consultation to remedy his situation. However, the record does contain references to disagreeable circumstances which could conceivably cause appellee to be laden with emotional difficulties depriving him of his full earning potential. We cannot say to what extent this circumstance influenced the trial judge in ordering the reductions referred to herein; however, without further substantiating evidence (including medical evidence), we do not think that this situation, standing alone, would be a sufficient excuse for failing to comply with a support order.
We feel that the second ground upon which the appellee relies to prove his change of circumstances, i.e., that his obligations had increased since the time of separation, has more merit. Although we are not completely clear as to the meaning of the assertion that the community obligations were “incurred but ... not due” at the time of the judgment of separation, we are satisfied that the record supports a reasonable basis for the trial court’s conclusion that the appellee’s circumstances had changed. The record demonstrates the appellee was subject to imminent suit on at least one of the community debts, and that his automobile was in the process of being repossessed. Further, all outstanding obligations were past due. In view of such uncontradicted testimony we are unable to way that the trial judge abused his great discretion in reducing the support awards. Dupuy v. Dupuy, supra; Baer v. Simon, supra.
It is difficult for us to determine the exact status and circumstances of the parties in this case due to the abundance of unsupported and conclusory testimony produced by both sides. We are convinced, however, based on the appellee’s uncontra-dicted testimony at trial, that the appellee is unable to meet the obligations imposed upon him by the original support order. Since we can find no clear error in the lower court’s judgment, we decline to substitute any impressions or factual conclusions which we may have for those of the trial judge.
For the above and foregoing reasons the decision of the trial court is affirmed. All *101 costs of this appeal to be assessed against appellant.
AFFIRMED.