KING, Judge.
The only issue presented by this appeal is whether or not the trial court was correct in refusing to grant an increase in child support payments.
The trial court held that the wife failed to prove there was a change of circumstances justifying an increase in child support payments. We affirm the judgment of the trial court.
FACTS
The evidence shows that Donna Andrus McMahon (hereinafter Donna) and Tommy Sam McMahon (hereinafter Tommy) were married on January 28, 1978 in Lafayette Parish, Louisiana. One child was born of their marriage and is now six years old. On August 9, 1982 Donna filed for legal separation and on September 7, 1982 a judgment of legal separation was rendered granting custody of the minor child born of the marriage to Donna and ordering Tommy to pay child support of $250.00 per month. Under that judgment Tommy was also ordered to pay the car note on his wife’s car until it was paid off.
*406 On October 26, 1983 Donna filed a petition for divorce together with a rule seeking an increase in child support. On February 27, 1984 the parties were granted a judgment of divorce. The trial judge denied Donna’s motion for an increase in child support but he did order Tommy to maintain a policy of hospitalization and medical insurance for the child and to pay one-half of all non-covered medical and dental expenses incurred on behalf of the child. It is from this judgment that Donna appeals.
LSA-C.C. Art. 227 imposes upon the parents a mutual obligation of support, maintenance and education of their children. The amount of support is determined according to the needs of the child as well as the circumstances of those who are obligated to pay it. Duplantis v. Monteaux, 412 So.2d 215 (La.App. 3rd Cir. 1982); Prudhomme v. Prudhomme, 381 So.2d 906 (La.App. 3rd Cir.1980), writ denied 383 So.2d 782 (La.1980).
Child support judgments are subject to modification; however, the burden of proof rests upon the parent seeking an increase in child support to show that there has been a substantial change in circumstances of one of the spouses from the time of the initial decree. Barbier v. Barbier, 417 So.2d 57 (La.App. 1st Cir.1982); DeMarcay v. DeMarcay, 414 So.2d 845 (La. App. 4th Cir.1982), writ denied 420 So.2d 163 (La.1982).
A trial court is possessed of considerable discretion in deciding whether to modify child support awards. Such awards will not be reversed except for an abuse of this discretion by the trial court. Dupuy v. Dupuy, 421 So.2d 458 (La.App. 3rd Cir. 1982); Baer v. Simon, 334 So.2d 796 (La.App. 3rd Cir.1976).
At the time of the granting of the judgment of separation in September 1982, Donna’s total gross income as a petroleum engineer was $2,650.00 per month. Tommy’s income at that time as a production engineer technician was $2,688.00 per month.
At the time of the granting of the judgment of divorce in February 1984, Donna filed an affidavit showing that the monthly living expenses for her and her minor child totaled $1,523.33. Her gross income at that time had increased to $2,860.00 per month while Tommy’s income had increased to $2,784.00.
Donna testified that she needed an increase in child support because as her minor child has grown older her clothing and other expenses have increased. Donna also testified that she needed an increase to buy herself a new car for transportation, because her 1979 car had 70,000 miles on it, and that she needed to buy new furniture for her new house.
The trial judge found from these facts that there had not been a substantial change in Tommy’s financial condition or Donna’s financial condition, or in the child’s needs, warranting an increase in child support. A trial court’s determination of questions of child support are accorded great weight on appeal and will not be disturbed in the absence of an abuse of discretion. Byrd v. Guilbeaux, 442 So.2d 887 (La.App. 3rd Cir.1983). Our review of the respective income and expenses of the parties, as well as the needs of the child, shows that there has not been any manifest error or abuse of discretion by the trial judge in denying Mrs. Donna Andrus McMahon’s request for an increase in monthly child support payments.
For the above and foregoing reasons the decision of the trial court is affirmed. All costs of this appeal are assessed to appellant.
AFFIRMED.