LLOYD G. TEEKELL, Judge Pro Tem.
This appeal was brought by Appellant, Sammie Lea Ingels against her husband, Kenneth Ingels, from a judgment on rule granting a reduction in child support. Judge Coltharp granted Mr. Ingels a reduction in child support payments from $575.00 per month to $475.00 per month due to a change in circumstances of the parties.
The evidence introduced at trial established that the original support was entered into by stipulation of the parties on December 7, 1983, setting support at $575.00. At that time, Appellant was on sabbatical from her job as a school teacher earning $596.00 per month. She was also living in an apartment paying rent and other necessary expenses.
At trial on November 5, 1984, Appellee sought a reduction based on the fact that Appellant had returned to full-time employment at a monthly salary of $1,098.81. She was also living in a community property house free of rent. Appellant had, however, voluntarily incurred an additional monthly expense as a result of her purchasing an automobile for one of the minor children.
*741 Appellee’s income was essentially the same as when support was originally set. However, he no longer received rental income of $200.00 monthly from a community property rent house. There was also a change in his monthly expenses due to a termination of a $601.00 monthly mortgage payment. Appellant had also relinquished possession of a community automobile which resulted in an additional car note obligation on Appellee.
On appeal, Appellant asserts that the trial court erred and abused its discretion in ordering a reduction in child support under the facts of the case, and that the Appellee failed in his burden of proving a substantial change in circumstances to warrant a reduction.
The trial court is vested with wide discretion in fixing child support, and the exercise of this discretion will not be disturbed on appeal in the absence of a clear showing of an abuse of discretion. St. Romain v. St Romain, 473 So.2d 390 (La.App. 3rd Cir.1985).
The amount of child support cannot be determined with mathematical certainty, all of the facts and circumstances of each case must be considered. Ducree v. Thomas, 415 So.2d 1009 (La.App. 4th Cir.1982).
In order for a party to obtain a reduction in child support, he must prove a change in the financial condition of one of the parties to such an extent that the increase or decrease is clearly necessary from the circumstances. Beaullieu v. Beaullieu, 460 So.2d 716 (La.App. 3rd Cir. 1984).
In the instant case, the evidence was clearly sufficient to support an order reducing child support payments.
We find that the trial court was well within its discretion to grant a reduction.
For the foregoing reasons, the judgment of the trial court is affirmed at Appellant’s costs.
AFFIRMED.