WILLIAM A. CULPEPPER, Judge Pro Tem.
Riley James Laughlin filed a rule to terminate his alimony obligation to his former wife, Anna Laughlin. The trial court denied the plaintiff’s rule to terminate alimony. It is from this adverse judgment that plaintiff has appealed and assigns as error the trial court’s failure to find a change in circumstances.
The Laughlins were divorced in 1977. Alimony in the amount of $65 per week and child support in the amount of $50 per week were awarded to Anna Laughlin. In September of 1985 Anna Laughlin filed a rule for past due alimony, attorney’s fees and to hold Riley Laughlin in contempt of *1099 court. Riley Laughlin answered and filed a rule to terminate the alimony. After a hearing on the matter, the trial court found that the parties had modified the court award by oral agreement in 1980, reducing the alimony to $100 per month and awarded past due sums on that basis, plus attorney’s fees. Mr. Laughlin was also held in contempt of court.
In May of 1986 Mr. Laughlin filed another rule to terminate alimony. The trial court rendered judgment denying Mr. Laughlin’s request that alimony be terminated. The trial court did not assign written reasons for its judgment, but stated at the conclusion of the hearing on the rule that there had not been a showing of a change in circumstances to justify a reduction or termination of alimony.
The trial judge has great discretion in alimony modification proceedings and the findings of the trial court are to be given great weight. Johnson v. Johnson, 467 So.2d 98 (La.App.3d Cir.1985). Alimony awards will not be disturbed on review absent a showing that there has been a clear abuse of discretion or manifest error in the trial court’s factual appreciations. Cunningham v. Cunningham, 448 So.2d 910 (La.App.3d Cir.1984).
The party seeking modification of a previous award of alimony must show a change in circumstances of either party from the time of the original award to the time of the rule to terminate. Johnson v. Johnson, 442 So.2d 901 (La.App.3d Cir.1984), writ denied, 445 So.2d 451 (La.1984). In the present case, Mr. Laughlin presented evidence of the numerous medical bills which he had to pay and the fact that he could no longer work. However, Mr. Laughlin received Social Security benefits of $594 per month, had remarried soon after his divorce and shared expenses with his present wife. Anna Laughlin had not remarried, but was employed at Wal-Mart earning $4.75 per hour. Her monthly income including alimony totaled $672.95 and her monthly expenses totaled $726. Mr. Laughlin attempted to show a change of circumstances which would warrant termination from the time of the first rule in January to the rule filed in May. The trial court noted at the hearing that Mr. Laugh-lin’s circumstances had in fact improved since January due to the fact that he was now receiving Social Security benefits, which was not the case in January.
We cannot say that the trial court abused its discretion in maintaining the alimony award to Anna Laughlin. Mr. Laughlin failed to show that her circumstances had changed such that alimony was no longer necessary or that his own had changed such that he was unable to pay alimony. We accordingly affirm the judgment of the trial court.
The costs of this appeal are assessed to the plaintiff-appellant.
AFFIRMED.