KNOLL, Judge.
The sole issue on appeal is whether the trial court abused its discretion in failing to reduce a prior child support award.
Teron Gatte was divorced from the defendant-in-rule, Brenda Bourque Gatte, on September 9, 1982. The custody of the litigants’ three minor children was awarded to Mrs. Gatte.. Mr. Gatte was ordered to pay child support in the amount of $250 per month per child, or a total of $750 per month, and to maintain all hospitalization insurance afforded by his employer that covered the minor children.
In 1982, Mr. Gatte’s income was $3,800 per month, and he enjoyed the free use of a company car, which was insured. On September 16, 1986, Mr. Gatte filed a rule against Mrs. Gatte to show cause why his child support obligation of 1982 should not be reduced.
The testimony at the trial of the rule revealed that Mr. Gatte now earns $3,000 per month, and instead of having the use of a car, receives $220 per month as a car allowance from his employer. His social security deductions have increased from 6.7% in 1982 to 7.15% in 1986, thus reducing his net income. Mr. Gatte has remarried twice since his divorce from Mrs. Gatte in 1982. His second marriage, to Natalie Young, ended in divorce, and Mr. Gatte is presently paying $170 per month in child support to Natalie Young for a child born of that marriage. In 1986, Mr. Gatte married Sheila Bowen. His present wife earns $120 per month and her 17 year old daughter from a previous marriage lives with them.
*1297 Mrs. Brenda Gatte was unemployed at the time of the divorce in 1982, and was unemployed at the time this rule for reduction in child support was heard. She had remarried but was judicially separated from her husband. She was awarded $50 per month alimony but her present husband fails to pay her the alimony.
In Louisiana, the support obligation imposed on the father and the mother of minor children by LSA-C.C. Art. 227 is firmly entrenched in our law and is a matter of public policy. Dupuy v. Dupuy, 421 So.2d 458 (La.App. 3rd Cir.1982). The party who seeks a reduction of child support bears the burden of showing a substantial change in circumstances of one, or both, of the spouses. Durbin v. Durbin, 424 So.2d 1130 (La.App. 1st Cir.1982), and numerous cases cited therein. The trial court has considerable discretion in determining whether to modify child support awards, and such determination will not be reversed except for an abuse of that discretion. McMahon v. McMahon, 469 So.2d 405 (La.App. 3rd Cir.1985).
In determining Mr. Gatte’s obligation of child support, the trial court stated:
“... The fact that the father of the children undertook to take additional obligations does not militate against his primary responsibilities to support his children, whether they be from a first marriage or a second marriage. The children from the first marriage were there, all three (3) of them, when the defendant [sic (plaintiff) ] undertook to assume other responsibilities in having other children in another marriage, and yet, another marriage, when he’s got children. The law of the State of Louisiana is very clear, the primary obligation of a parent is to support the children. There’s no question about that. That obligation comes before car notes, before rent or any personal items expended by the parents for themselves or anyone else. The children comes [sic] first....”
The trial court found Mrs. Gatte was still in necessitous circumstances.
We find the reduction of Mr. Gatte’s earnings in the amounts presented, does not warrant a reduction in child support. After carefully reviewing the record, we conclude that Mr. Gatte failed to demonstrate that the trial court abused its discretion in denying him a reduction in child support.
Mr. Gatte also argues that the trial court erroneously considered Mrs. Gatte’s personal expenses when it refused to reduce child support. See Shanklin v. Shanklin, 339 So.2d 1262 (La.App. 1st Cir.1976). We have examined the record and find nothing that suggests that the trial court took any of Mrs. Gatte’s personal expenses into account in its determination.
For the foregoing reasons, the judgment of the trial court is affirmed. The plaintiff-in-rule, Mr. Gatte, is assessed with costs of this appeal.
AFFIRMED.