YELVERTON, Judge.
This is an appeal from two rulings relating to child support. One ruling makes executory a judgment for past due child support, and the other was a denial of a rule for the reduction of child support. We affirm both.
PAST DUE CHILD SUPPORT
A judgment in 1985 ordered Michael McDonald to. pay child support of $400 a month to Lisa McDonald, his former wife, who had custody of their two children. Beginning in September 1986 and continuing until November 1987, Michael paid only $200 a month. From November 1987 until April 1988, when Lisa’s present rule concerning past due child support was heard, he paid a total of only $500. Following the hearing on this rule the trial judge made executory in favor of Lisa a judgment in the amount of $4,300.
Michael appeals this ruling citing as .error the failure of the trial judge to give him credit for slightly in excess of $200 a month paid from September 1986 until the time of the hearing. This monthly amount was paid, not by Michael, but by Homer J. McDonald, Michael’s father, to Opelousas Catholic School as tuition for the children’s attendance at that school. Relying on his and his father’s testimony at the trial that these payments would eventually be added up and deducted from his inheritance, Michael sought to show that the payments were thus actually made by him. Additionally, he sought to show that Lisa agreed to this arrangement as a modification of his court-ordered support obligation.
Michael’s father testified that he paid the tuition because Michael could not. The record further establishes that Lisa was presented with and asked to sign a written agreement to modify the child support requirements, but that she would not sign it. She testified that it was not her intent to modify the child support, and that she wanted all the money paid to her. Although she testified that she would have used the money to pay the tuition, there was evidence that while she was paying the tuition, she was behind several hundred dollars.
In resolving this issue in favor of Lisa the trial judge mentioned the alimentary obligations of grandparents, but chose to rest his decision on the finding that Michael had not proved that there was an agreement between the parties that the grandparent’s payment of the monthly tuition would thereby reduce Michael’s obligation to pay the full $400 a month. We find no clear error in this ruling.
For an agreement modifying the amount of child support to be effective, the parties must clearly agree to such modification and the burden of proof is on the party relying on the agreement to prove its existence. Boudreaux v. Harrington, 496 So.2d 1278 (La.App. 3rd Cir.1986). Where the payor spouse unilaterally makes payments to some third party, which benefits the persons whom the payor is required to support, then no credit for those payments is received. Feazell v. Feazell, 445 So.2d 143 (La.App. 3rd Cir.1984). The trial court has great discretion in determination of factual matters such as the existence of any agreement relative to child support and, in the absence of an abuse, its decision will not be overturned on appeal. Id.
We find no error. Clearly, Michael’s decision to make these payments was a unilateral one. He is not entitled to credit.
REDUCTION OF CHILD SUPPORT
Michael, at the time of the divorce in November 1985, worked two jobs, one at Opelousas Cigar and Candy, and the other at Gulf States Theatres. At that time he had a combined net income of about $400 a week. Lisa, at the time of the original divorce decree, was unemployed.
In January of 1986, Opelousas Cigar and Candy closed and Michael was terminated, but he continued with Gulf State Theatres until November of 1986. From November of 1986 through October of 1987, he was unemployed. He received unemployment compensation benefits of $205 a week through June of 1987, when these benefits ran out. He was then employed by Enola *1011 Prudhomme’s Cajun Cafe briefly earning $400 per month. After he was terminated there he worked one month at the Sicilian Restaurant earning $358 biweekly. From January 1988 until just prior to the trial of this matter, Michael was employed by R.L. Polk .as a canvasser paid at the minimum wage.
At the time of the trial Michael was unemployed. He is 33 years old, in good health, with a high school education. The only evidence in the record that Michael had attempted to gain employment was his own testimony. On cross-examination, he admitted to having made several leisure trips to Colorado, Florida and Tennessee.
On this appeal Michael contends that there has been a change in circumstances since the 1985 decree, warranting a reduction. He points to the fact that at the time of the original award Lisa was unemployed, but that at the time of the hearing on the present rule she was employed, earning $525 per month. He further argues that although he has the ability to earn sufficient income to pay the child support obligation of $400 per month, he is unable, through no fault of his own, to obtain employment commensurate with his abilities.
The trial judge found that there were no changes in circumstance sufficient to justify a reduction in child support. Further, the trial judge found that all of the expenses listed on each party’s list were within reason and that Michael did and still does have the ability to earn enough to pay $400 a month in child support.
In order for a p^rty to obtain a reduction in child support, he must prove a change in the financial condition of one of the parties to such an extent that the decrease is clearly necessary. Ingels v. Ingels, 490 So.2d 740 (La.App. 3rd Cir.1986). A trial court has considerable discretion in determining whether to modify child support awards and such determination will not be reversed except for an abuse of that discretion. Dupuy v. Dupuy, 421 So.2d 458 (La.App. 3rd Cir.1982).
After a thorough review of the record, we find no abuse of discretion by the trial judge in denying the reduction for child support.
For the above and foregoing reasons the trial court’s judgment is affirmed in all respects.
AFFIRMED.