571 So.2d 874 (1990)
Mary Firment NUNNALLY, Plaintiff-Appellant,
v.
David C. NUNNALLY, Defendant-Appellee.
No. 89-705.
Court of Appeal of Louisiana, Third Circuit.
December 12, 1990.
Broussard, Bolton, Halcomb & Vizzier, Roy Halcomb, Jr., Alexandria, for plaintiffappellant.
Ralph Kennedy, Alexandria, for defendant-appellee.
Before GUIDRY, FORET and KING, JJ.
GUIDRY, Judge.
Plaintiff, Mary Firment Nunnally, and defendant, David C. Nunnally, were married on June 23, 1973. Three children were born of their marriage. Plaintiff and defendant separated in January of 1988. Thereafter, plaintiff filed a petition for divorce on February 25, 1988. A provisional judgment[1] was rendered on March 14, 1988 and signed on March 16, 1988 awarding plaintiff alimony pendente lite and child support in the sum of $1,300.00 monthly, payable on or before the first day of each month. Defendant was also required to pay the plaintiff's monthly car note, $354.00 per month.
On August 3, 1988, the court granted plaintiff a judgment of divorce on finding *875 defendant at fault and plaintiff free from fault. This judgment awarded plaintiff permanent alimony in the amount of $200.00 monthly and child support of $900.00 per month.
On November 23, 1988, plaintiff filed a rule for past due support, contempt and attorney's fees. In response, defendant, by rule, sought a reduction in his support obligations because of a reduction in his Navy pay.
The trial judge, for written reasons assigned, declined to find defendant in contempt but cast him in judgment for arrearages in the amount of $4,225.83 and $750.00 in attorney's fees. The court determined that the defendant had suffered a reduction in income and, in accordance with that finding, ordered a reduction in permanent alimony to $150.00 per month and reduced his child support obligation from $900.00 to $550.00 per month, retroactive to December 1, 1988.[2]
Plaintiff on appeal questions the trial court's judgment only insofar as it orders a reduction in defendant's support obligations and makes the reduction retroactive to December 1, 1988.
The legal principles applicable where modification is sought in previously fixed alimony and child support awards are well settled. The party seeking modification of a previous award of alimony or child support, or both, must show a change of circumstances from the time of the initial award to the time of the rule to modify. Laughlin v. Laughlin, 520 So.2d 1098, 1099 (La.App. 3rd Cir.1987); Gatte v. Gatte, 524 So.2d 1297 (La.App. 3rd Cir. 1988); La.R.S. 9:311. The trial court is allowed great discretion in proceedings for a modification in alimony and/or child support. On review, a trial court's determination in such matters should not be disturbed absent a finding of clear abuse. Laughlin, supra; Gatte, supra.
The trial court lowered defendant's combined support obligation by $400.00 (from $1,100.00 to $700.00) upon a finding that defendant's pay as an enlisted man in the U.S. Navy was reduced when his marital status changed in August of 1988. The record clearly supports a finding that defendant did in fact suffer a reduction in his pay of $292.24 per month. Appellant, in brief, acknowledges the correctness of this finding but suggests that defendant's monthly expenses diminished after August 1988 and he should receive a raise of 4% of his gross monthly income in January of 1989, which she contends will offset his reduction in pay. We find no merit in appellant's contention. The trial court presumably did not consider the possibility that defendant would receive an increase in pay beginning January 1989. This was not error. Further, the record does not reflect any reduction in defendant's expenses following August of 1988. Rather, the record reflects that through error the defendant was overpaid by the Navy Department, which overpayment was to be deducted from his pay from January 1989 through March 1989. In sum, the record clearly supports the trial court's finding of a change in defendant's circumstances which warranted a reduction in the alimony and child support awards fixed in August of 1988. As to the amount of the ordered reduction, we can discern no clear or manifest abuse of discretion.
Appellant next urges that the trial court erred when it reduced the alimony and child support payments retroactive to December 1, 1988. Plaintiff, relying on Vinson v. Vinson, 292 So.2d 763 (La.App. 4th Cir.1974), contends that this retroactive application by the trial judge was clearly wrong because it adversely affects her vested right to the entire $1,100.00 support payment which was due December 1, 1988.
Vinson held that the trial judge may reduce alimony payments retroactive to the date of filing of the motion to reduce except insofar as such retroactive application adversely affects a vested property right which accrued prior to the filing of the *876 rule. Plaintiff-appellant contends that because the December alimony and child support payment was due on the first of the month, she is entitled to the full amount of $1,100.00. We disagree. Prior to the date of filing, only four days had accrued for the month of December 1988.
In Vinson, the court prorated the alimony and child support obligations which accrued before and after the date of filing of the motion to reduce. The reduced awards were effective retroactive to the date of filing. Similarly, we hold that the defendant is only entitled to the $700.00 per month reduced payment retroactive to the date of filing, i.e., December 5, 1988. Appellant is entitled to the $1,100.00 payment adjusted prorata for four of the 31 days of December 1988. La.R.S. 9:310; Hogan v. Hogan, 549 So.2d 267 (La.1989).
Accordingly, we amend the judgment of the trial court to make the reduction in alimony and child support retroactive to December 5, 1988. In all other respects, the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED AS AMENDED.
NOTES
[1] Defendant was stationed in Washington, D.C. while serving in the U.S. Navy and was not present at this hearing. The court appointed an attorney ad hoc to represent the defendant in these proceedings. A dispute later arose regarding the authority of this attorney to represent and bind the defendant to a judgment. This dispute was considered by the trial court on two occasions. It is not before the court on this appeal.
[2] Defendant prayed for a reduction of his support payments in his rule filed December 5, 1988.