SAMUEL, Judge.
The litigants herein, husband and wife, separated on April 29, 1970. Two days later the wife filed this suit for a separation from bed and board. By rule nisi she also sought custody of the two minor children of the marrriage (then 11 and 12 years of age), together with alimony and child support. On May 27, 1970 Mrs. Moore obtained a default judgment decreeing the separation, granting her the care, custody and control of the children, and reserving to her the right to seek attorney fees, alimony and child support.
On June 4, 1970 the litigants entered into a consent judgment on the rule nisi whereby Mr. Moore was condemned to pay $75 weekly for the support of the children and to continue to maintain insurance policies providing life and hospitalization benefits for Mrs. Moore and the children at a cost of $14.37 per week, amounting to a total weekly payment of $89.37.
Approximately five months later Mr. Moore, who then was represented by counsel for the first time, filed a rule for a decrease in the amount he was required to pay for child support. Subsequently Mrs. Moore filed a rule for an increase. On *784 the trial of the rules the husband offered no evidence of a change of circumstances respecting either his ability to pay or the needs of the children, nor did he contend any such change had occurred. He testified that at the time he consented to the judgment, just one month after the separation, he thought his income was sufficient to make the required payments, but that he later found it was insufficient. After trial of the two rules there was judgment dismissing both. Mr. Moore has appealed.
On appeal two issues are presented: (1) that raised by counsel for Mrs. Moore who argues the judgment fixing the amount of support cannot be modified in the absence of proof of a change, since the date of that judgment, either in the husband’s ability to pay or in the needs of the children; and (2) if the judgment can be modified in the absence of allegations and proof of a change of circumstances, is the evidence such as to require a reduction?
Regarding the first issue, Mrs. Moore relies on the jurisprudential rule, based on LSA-C.C. Art. 232[1], to the effect that an award of alimony or child support, previously fixed and determined, is not subject to reduction unless a change of circumstances in the person obligated to pay or the person to whom the payments are made is proven.[2] In McNeill v. Mc-Neill [3] this court said:
“In fixing the amount of alimony to be paid a divorced wife, the trial judge has much discretion and his judgment will not be disturbed unless there is a clear showing of abuse of that discretion. Such judgments are never final in the sense generally applied to judgments, but may be modified as we have indicated; however, it is not sufficient reason merely that the judge upon reconsideration at a later date decides that his prior award was too low or too high. If there was error in the award it should have been corrected on timely motion for a new trial or appeal. Thereafter on a rule to modify, in the absence of evidence to show a change of circumstances the former judgment must stand.”
We are of the opinion the rule is not applicable where, as is the case here, the reduction is sought from a consent judgment.[4]
A court has little or no alternative but to approve alimony or child support in an amount agreed to by the litigants. In doing so it would be following the most desirable and the only practical course. Such a consent judgment, at least initially, satisfies the litigants both as to need and ability to pay. If the passage of time establishes that in fact both need and ability to pay are met, the judgment is likely to[1] continue in force without further intervention by the court. If subsequently either or both parties have some reason to complain, a proper and more equitable arrangement can be made on the basis of the actual experience under the consent judgment. In approving the judgment the court would not be acting on its own determination as to what are the actual needs and ability to pay; ordinarily, and this is true in the instant case, it acts simply on the consent of the parties without further inquiry. Such approval does not constitute an award “previously fixed and determined” by the court as contemplated by the rule under discussion and therefore Mr. Moore may *785 seek a reduction without allegation or proof of a change in circumstances.
Regarding the second issue, whether or not the consent judgment award should be reduced, the only evidence contained in the record is the testimony of Mr. and Mrs. Moore. According to his testimony, he has a net income of $168.83 per week, leaving a balance of $79.46 per week after deduction of the $89.37 he is required to pay by the consent judgment. He lists his current and necessary expenses, for such items as rent, food, laundry, payment of various accounts due by the community which formerly existed between himself and Mrs. Moore, etc. (but not including such future and reasonably certain obligations as doctor, dentist and drug store bills, clothing, etc.) in a total amount of $95.70 per week. We consider his expenses as listed to be reasonable, proper and minimal.
Mrs. Moore testified: She lives in the former community home with her two children, who attend public school, and her grandmother. She works as a secretary for a net income of $450 per month and receives $100 a month from her grandmother. Her monthly expenses for the household are $1,019.45 of which she estimates at least two-thirds are attributable to the children.
While the items listed are what appear to be necessities, such as food, note payments on the home, doctor and dentist bills, etc., and while we consider a detailed discussion of the amounts unnecessary, it appears to us that the expenses are exaggerated. We note Mrs. Moore also said her mother, who is in a nursing home, is totally dependent on her[5] and, even though her testimony reflects her total net weekly income is less than her total weekly expenses, there is no evidence showing she has not been able to meet her obligations since the separation.
The basis for granting alimony and child support is LSA-C.C. Art. 231 which provides: “Alimony shall be granted in proportion to the wants of the person requiring it, and the circumstances of those who are to pay it.”
As stated in the above quoted excerpt from the opinion in McNeill v. McNeill, the trial judge has much discretion in fixing the amount to be paid for alimony or child support and his judgment will not be disturbed unless there is a clear showing of abuse of that discretion.[6] Although we follow this principle, we must reduce the award in the instant case. Considering all of the facts here involved, including what we feel is an exaggeration of the needs of the children, Mr. Moore’s weekly net income of $168.83, and his proven minimal personal expenses for living necessities in excess of $95.70 per week, in our opinion the award of $89.37 per week constitutes an abuse of the trial court’s discretion.
As is so frequently true, the problem of what amount of alimony or child support must be paid cannot be solved with complete satisfaction; any figure fixed is likely to require some readjustment, some lessening of expense, some living within one’s means, on the part of the litigants. Mr. Moore has prayed for a reduction of $25; but our conclusion is that a reduction of $15 per week would be fair.
For the reasons assigned, the judgment appealed from is reversed in part and amended so as to order the appellant, Douglas A. Moore: (1) to pay his wife, Aloise Muller Moore, $60 per week; (2) to maintain the insurance policies present *786 ly in effect with Connecticut Mutual Life Insurance Company; and (3) to maintain hospitalization benefits for Mrs. Moore and the two minor children. As thus amended, and in all other respects, the judgment appealed from is affirmed; costs of this appeal to be shared equally by both litigants.
Reversed in part, amended and affirmed in part.

. LSA-C.C. Art. 232 provides: “When the person who gives or receives alimony is replaced in such a situation that the one can no longer give, or that the other is no longer in need of it, in whole or in part, the discharge from or reduction of the alimony may be sued for and granted.”

. Holman v. Holman, 219 La. 138, 52 So.2d 524; McNeill v. McNeill, La.App., 223 So.2d 709; Zara v. Zara, La.App., 204 So.2d 76; Jones v. Floyd, La.App., 154 So.2d 604.

. Supra, 223 So.2d at page 711.

. For a consideration of the same question in a related area, custody, see Malpica v. Puig, La.App., 166 So.2d 546.

. Mr. Moore, of course, cannot be required to contribute to the support of his mother-in-law.

. Kahn v. Kahn, La.App., 236 So.2d 654; Boling v. Boling, La.App., 229 So.2d 423; Gay v. Gay, La.App., 226 So.2d 926; Tucker v. Tucker, La.App., 184 So.2d 795.