BOLIN, Judge.
In December, 1970, Mrs. Atkinson was granted a final divorce from her husband and custody of their two minor children. By agreement of the parties the judgment granted the wife $175 per month as alimony for herself and $150 per month for the support of each child. In August, 1972, plaintiff instituted the present action seeking an increase in the alimony and support awards, to which Mr. Atkinson filed a general denial. He further filed a rule to reduce alimony to plaintiff from $175 to $100, but asked to have the monthly support payments, previously fixed at $150 for each child, remain the same. From judgment rejecting the demands of both parties Mrs. Atkinson appeals.
The sole issue is whether the trial court erred in refusing to increase the award for alimony and child support. Since defendant neither appealed nor answered the appeal the question of the reduction of alimony is not before us. For reasons hereinafter expressed we amend the judgment so as to increase the monthly award to each child from $150 to $200 per month.
Mrs. Atkinson obtained a separation from bed and board from her husband on February 26, 1969. The separation judgment awarded the wife $175 per month as alimony pendente lite and additionally $150 per month for the support of each child. The matters of alimony and child support were not litigated but were fixed in the judgment pursuant to an agreement between the parties. At that time Sharon Lynn Atkinson was six years of age and the other child, Michael Eugene Atkinson, was eleven months of age. During the separation proceedings “A Stipulation as to the Earnings of Defendant, Ronald J. Atkinson” was filed in evidence showing the earnings from the years 1964 through 1968, as follows :

When the final divorce was granted in 1970 the alimony and child support awards were continued by consent as fixed in the judgment of separation.
The present rule to increase the alimony and child support awards was heard in September, 1972. Mr. Atkinson testified his earnings since 1968 were as follows:

He further testified his income for 1972 was based on a monthly guaranteed salary of $1,495 plus commissions, which he refused to estimate, although conceivably this would net him an extra $150 per month.
In the settlement of the community plaintiff retained the family home on which it was shown she was paying $148.-25 per month; that after paying utilities, food and phone bills she was left with approximately $100 per month with which to pay for clothes, school, dental and ortho-dontal care, allergist for Michael, gynecologist for Lynn, corrective shoes for both children, automobile upkeep and gasoline, cleaning and other necessities. During brief periods plaintiff had performed some clerical work and substitute teaching and she had received approximately $800 from her mother to assist in meeting her expenses.
Although the evidence establishes defendant’s annual income increased more *484 than $5000 between 1969, when the alimony and child support awards were first agreed upon, and the end of 1971, he urges there has been no substantial change in conditions such as would justify an increase in either. He seeks to discount this increase as not being substantial since he predicted his 1972 income would be less than in 1971 and his expenses have allegedly increased greatly due to his remarriage and purchase of a new home. At the time of trial defendant had been remarried two months and his wife was also working for IBM. No evidence was adduced relative to her income. He also points to the fact that plaintiff has managed to maintain herself and children on the amount awarded without having to sell her IBM stock which she gained in the settlement of the community, nor has she been forced to engaged in full-time work.
A preliminary matter to which the parties have devoted considerable attention in brief involves the question of whether plaintiff has the burden of proving there has been a “substantial change” in the conditions of the parties since the original award was made in conformance with an agreement between the parties. Support for the contention that the issue of the quantum of the award should be treated as an original or unlitigated matter, which would obviate the necessity for proving changed conditions, is the language found in Moore v. Moore (La.App. 4th Cir. 1972) 256 So.2d 782.
As we appreciate the argument, plaintiff wishes the court to consider her present needs and those of the children balanced against the present needs and ability of defendant to pay as though this had never been litigated. While this argument has considerable merit, particularly as it applies to the children, we do not believe plaintiff has relied on this decision since she has sought to prove the allegations in her petition that her needs and those of the children have “substantially” increased since the divorce and alimony award.
In written reasons for judgment, dictated into the record, the trial judge, while recognizing the needs of the children for medical and dental care are greater than at the time of the divorce, nevertheless refused to order the defendant to contribute more to their support. Basis for this judgment apparently was the judge’s opinion that since Mr. Atkinson had remarried, would probably begin a second family, and was having some financial problems with his parents, the change in his income was not substantial enough to warrant changing the amount that had previously been awarded.
We have examined the numerous cases cited by both parties and have concluded that whether appellant’s needs and those of her children are tested from the standpoint of a first judicial determination or by an examination of increased needs and increased ability to pay, the facts as established by the record show appellant is entitled to more support for the children. [See Laiche v. Laiche, 237 La. 298, 111 So.2d 120 (1959)] Balancing their needs against those of the husband, and taking into consideration his 1971 income of $22,767, we find the judgment should be and it is hereby amended to increase the child support from $150 to $200 a month for each child, payable as before, i. e., on the fifth and twentieth of each month.
However, the claim of the wife, based on Louisiana Civil Code Article 160, was fixed by the divorce decree and the testimony is unconvincing that her needs have increased or that she does not have “sufficient means for her maintenance”; as a consequence we affirm that portion of the judgment awarding Mrs. Atkinson $175 per month alimony.
As thus amended the judgment is affirmed at defendant’s cost.