289 So.2d 202 (1973)
Annette Miller BAZZELL
v.
Lawrence E. BAZZELL.
No. 9549.
Court of Appeal of Louisiana, First Circuit.
December 17, 1973.
*203 John Dale Powers and Charles S. McCowan, Jr., Baton Rouge, for appellant.
Charest Thibaut, Jr., and John S. Thibaut, Jr., Baton Rouge, for appellee.
Before LANDRY, ELLIS and PICKETT, JJ.
PICKETT, Judge.
Annette Miller Bazzell (appellee) and her husband, Lawrence E. Bazzell (appellant), were judicially separated by judgment of the Family Court, East Baton Rouge Parish, Louisiana, on September 25, 1970. The separation decree granted the custody of the minor children, Lawrence Earl Bazzell, Jr., born December 4, 1950, and Bryan M. Bazzell, born February 10, 1955, issue of the marriage of the appellant and appellee, to the mother, and awarded to appellee alimony in the sum of $1,500.00 per month for the maintenance and support of herself and her minor children. On November 14, 1971, Mrs. Bazzell obtained a final divorce, at which time she was granted the permanent care and custody of the minor, Bryan M. Bazzell, and, by agreement and consent of the parties, the appellee was awarded alimony for her maintenance in the sum of $500.00 per month, and $250.00 per month for the maintenance of her minor child, Bryan M. Bazzell. On July 12, 1972, the appellant filed a rule to terminate the alimony payments awarded to the appellee in the divorce decree. The trial court did not terminate the alimony payments, but did reduce said payments to $250.00 per month. Lawrence E. Bazzell, the plaintiff in rule, has appealed. The defendant in rule has answered the appeal.
The issue presented by this appeal is whether the appellee-wife is entitled to alimony under the provisions of LSA-C.C. Article 160, the pertinent part of which provides:
"When the wife has not been at fault, and she has not sufficient means for her support, the court may allow her, out of the property and earnings of her husband, alimony which shall not exceed one-third of his income when:
1. The wife obtains the divorce;
* * * * * *
This alimony shall be revoked if it becomes unnecessary, and terminates if the wife remarries."
The appellant contends that the alimony payment fixed in the judgment decreeing a final divorce should be terminated because the appellee-wife presently has sufficient means for her maintenance, and is, therefore, without right to any alimony. On the other hand, the appellee contends that the judgment fixing the alimony payment to her were made pursuant to a stipulation of the parties through their respective counsel, and that appellant is bound thereby and has no right to relitigate it. Appellee, also, contends that on the date this rule was tried her assets were substantially the same as they were at the time the divorce decree which fixed the amount of alimony to be paid her was rendered, and that appellant, not having proved any substantal change in circumstances, is not entitled to have the alimony decree modified. The alimony judgment sought to be modified was a consent judgment. The appellant relies principally upon Moore v. Moore, 256 So.2d 782 (La.App., Fourth Cir. 1972), wherein the court held that a consent judgment does not constitute an award "previously fixed and determined" by the court.
*204 In that case the court held that the party condemned to pay alimony could seek a modification of the consent judgment without the allegation or proof of a change in circumstances. However, in the recent case of Bernhardt v. Bernhardt, La., 283 So.2d 226, which is factually quite similar to the instant case, the Supreme Court held that the relator having consented to an alimony judgment in favor of his former wife, judicially acknowledged his former wife's right to receive alimony, and that such an award of alimony is not subject to a reduction unless a change of circumstances is alleged and proved. In the Bernhardt case the Supreme Court said:
"The second issue presented upon this review concerns relator's contention that the divorce judgment rendered, which contained a `consent' alimony and child support provision, does not constitute an award `previously fixed and determined.' Relator relies solely upon Moore v. Moore, 256 So.2d 782 (La.App. Fourth Cir. 1972), which held that the rule requiring a change in circumstances before modification of an alimony award is not applicable where the reduction is sought from a consent judgment, since such a judgment does not constitute an award `previously fixed and determined' by the court.
"We are of the opinion that the Fourth Circuit's determination in Moore, supra, is unsound and incorrect. That case is hereby overruled.
"Article 160 of the Civil Code authorizes the court, in its discretion, to award alimony after divorce to a wife only when the wife has not been at fault and when she has not sufficient means for her support. If these two conditions are not established, the court does not have the authority to grant alimony after divorce. The award of alimony in this case was contained in the judgment granting respondent a divorce. This evidences the fact that respondent's freedom from fault and her insufficient means were proven to the satisfaction of the court rendering judgment. Relator's consent to the payment of alimony is of consequence only to the extent that such consent is tantamount to a judicial admission on his part of his wife's right to receive alimony, i. e., her freedom from fault and her necessitous circumstances. Having acknowledged judicially his wife's right to receive alimony, relator will not now be heard to complain that proof of an element requisite to the granting of alimony was not made.

"It was encumbent upon relator to prove a change in respondent's circumstances, or his own, from the time of the divorce decree to the time of the rule to an extent that further alimony reduction was warranted, other than that already allowed by the trial and appellant courts." (Emphasis supplied)
Based on the decree rendered by the Supreme Court in the Bernhardt case, supra, the consent alimony judgment included in the divorce decree, obtained by the appellee on November 14, 1971, is not subject to an adjustment or modification, unless a change in the circumstances of one or the other of the parties justifies it. We have carefully reviewed the evidence in this case, and do not find a substantial change in the circumstances of the parties hereto from the date of the rendition of the alimony judgment to the time of the trial of the rule. The evidence shows that the parties herein effected a community property settlement, prior to the rendition of the divorce decree, in which settlement Mrs. Bazzell received the home, together with the household furniture, fixtures and appliances belonging to the community, a 1970 Oldsmobile automobile, Bocage Racquet Club stock, and certain life insurance policies. She sold the home for which she received $38,000.00 in cash, and a second mortgage note for $15,000.00, net to her. Mrs. Bazzell had inherited property in Livingston *205 Parish, which she said had a value of $37,500.00. At the trial of the rule, the appellee admitted that she had $30,000.00 in cash. Except for the reduction of her cash balance by some $8,000.00, the evidence fails to show any significant change in the appellee's assets from the time the consent alimony judgment was rendered to the date of the trial of the rule. Additionally, the evidence shows that after the appellee obtained the consent alimony decree and before the trial of this rule she was gainfully employed, and that between January 1, 1972, and August 30, 1972, she earned the gross sum of $7,255.76. This, of course, would constitute a change in her circumstance. However, the record shows that at the time of the trial of the rule, she was unable to work, and had no independent income. After considering all of the evidence, we conclude there was no substantial change in the financial circumstances of the appellant, from the time of the award of alimony to the trial of the rule. In accordance with the jurisprudence announced in Bernhardt v. Bernhardt, supra, the appellant having consented to pay his former wife alimony at the time she obtained a final divorce, judicially admitted that she was in need of alimony, and it was incumbent upon him to show a change of circumstances of the appellee, or his own, in order to secure a modificiation of the alimony decree. It is an elementary rule of law that one who asserts a fact must carry the burden of proof by a reasonable preponderance of the evidence. After a careful examination of the evidence relative to a change in the financial circumstances of the parties hereto, it is our opinion that he has failed to show a sufficient change of his circumstances, or that of the appellee, from the time of the consent alimony award to the time of the trial of the rule, to justify a modification, or termination of the alimony award previously determined and fixed. Therefore, the demands of the plaintiff must be rejected.
For the foregoing reasons the judgment of the district court reducing the award of alimony to the appellee is reversed and set aside, and for the same reasons the reconventional demand by the appellee for an increase of the award of alimony is rejected. Appellant to pay all costs of this appeal.
Reversed and rendered.