GARRISON, Judge.
This is an appeal from a judgment of the Civil District Court rendered orally on September 18, 1985 and prepared and signed on September 30, 1985 providing as follows:
“IT IS ORDERED, ADJUDGED AND DECREED that the Rules for Contempt, Decrease in Child Support, and Modification of Joint Custody are hereby dismissed;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendant pay child support in the amount of THREE HUNDRED FIFTY AND NO/100 ($350.00) DOLLARS every two weeks, to be mailed on his payday, and that all prior support provisions are to remain in full effect, including but not limited to payment of one-half of medical and dental expenses, and certain payments towards child care costs during the summer, effective upon the filing of the Rule for Increase;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there [be] judgment herein in favor of Victoria Gallas Cahanin and against Gregory James Cahanin in the amount of FIVE HUNDRED AND NO/100 ($500.00) DOLLARS for unpaid child support due through August 30, 1985, together with interest from the due date of each payment until paid, and plaintiffs request for attorney fees and costs are hereby denied.”
The trial court judge’s oral reasons provided:
“ ... Obviously in view of the increase in income that Mr. Cahanin has had, it is appropriate in this case to — I’m going to fix the — I’m going to fix the child support payments in the sum of $350.00 every two weeks.
MS. GANDY:
Your Honor is not disturbing the prior provisions that he pay half of the medical and dental that’s not covered by insurance?
THE COURT:
I’m not having anything to do with that.
MS. GANDY:
Your Honor is not also disturbing that he pay an additional $36.00 a summer for the day care?
THE COURT:
If that’s part of the original judgment, no, I’m not.
I am going to say it is not appropriate that either one of you all make any change in the judgment at all. I am going to direct you to make the payments when the payments are supposed to be made. Every two weeks when you get paid. That is not your place or your place to make any change in that. If you want to change the judgment, come to Court. Don’t do it yourself because every time you do, you just screw things up as what’s been going on in here today. MS. GANDY:
It’s to be mailed on his payday? It’s to be mailed on his payday?
THE COURT:
I think it’s appropriate whenever you get paid, make a payment. I’m not going to award any attorneys fees in this case.
MS. GANDY:
What about the back due, the $500.00 back due money?
THE COURT:
Oh, yes. Of course, that’s right. I think it's very clear that’s due. I don’t have any doubt about it. I’ll give a judgment for that.
MS. GANDY:
No attorneys fees or costs?
THE COURT:
No attorneys fees.”
In response thereto, defendant filed the following motion and order for appeal which was granted:
*1062 “On the motion of Gregory James Ca-hanin, the defendant, through his undersigned counsel, that the court grant an appeal from the judgment increasing child support rendered on September 18, 1985:
IT IS ORDERED, that an appeal be granted to the defendant returnable to the Court of Appeal, Fourth Circuit on November 13, 1985.”
Plaintiff has neither appealed from the judgment, nor answered defendant’s appeal.
On July 3,1971 Victoria Gallas and Gregory Cahanin were married on the Westover Air Force Base in Chicopee, Massachusetts. Two children were bom of the marriage, Angela Leigh Cahanin on September 27, 1976 and Ryan James Cahanin on April 19, 1979. Also in 1979, the couple moved to Orleans Parish and established a matrimonial domicile where they remained until May 15, 1983, on which date the defendant absented himself from the matrimonial abode.
On September 22, 1983, Victoria Cahanin filed a petition for separation on grounds of abandonment and cruel treatment including an injunction and request for temporary custody, alimony pendente lite, etc. Hearing on the custody and alimony pen-dente lite and child support issues was set for Oct. 18th.
On October 18, 1983, defendant Gregory Cahanin filed an answer and reconventional demand and on October 31st an amended answer.
On October 18th at the hearing defendant Greg Cahanin requested that the hearing be continued. The trial court judge granted the continuance until November 9th, on the condition that he pay interim child support of $100.00 on October 18th, $100.00 on October 25th and $116.00 to the children’s nursery school on October 21st. (Cahanin never paid this $316.00).
Hearing was held on November 9, 1983. (See: Trans. Vol. II). On the basis of the November 9th hearing, the trial court judge ordered child support in the amount of $400.00 per month and alimony pendente lite in the amount of $50.00 per month. That judgment, which is dated November 15, 1983 provided as follows:
“IT IS ORDERED, ADJUDGED AND DECREED that there be a judgment herein in favor of the plaintiff Victoria Gallas Cahanin and against the defendant Gregory James Cahanin, granting the provisional care, custody and control of the minor children Angela and Ryan Cahanin to the plaintiff Victoria Gallas Cahanin but at the same time granting rights to visit with those minor children at any time to the defendant Gregory James Cahanin with notice.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the defendant Gregory James Cahanin pay to the plaintiff Victoria Gallas Cahanin the amount of $200.00 per month for Angela and $200.00 per month for Ryan for child support and $50.00 per month alimony pendente lite to the plaintiff Victoria Gal-las Cahanin which amounts shall be paid on a weekly basis to be mailed or delivered by the defendant to the plaintiff by Friday of each week. The amount hereby granted shall be retroactive to the date of the filing of the petition herein namely September 22, 1983 and the defendant is to be given a credit for any and all amounts paid to date, namely $432.00.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the plaintiff Victoria Gallas Cahanin shall file a proposed plan of joint custody within fifteen days of the date of this hearing after which time the court will set a pretrial conference leading to a determination of the issue of joint custody.”
The November 15th judgment was not appealed and is now final and binding on the parties.
After the November 15th judgment, both parties worked on the preparation of a joint custody plan. The plan submitted by the Cahanins was made the judgment of the court on February 23, 1984. Paragraph 9 of the plan judgment provides as follows:
*1063 “9. Gregory James Cahanin shall continue to pay child support to Victoria Gallas Cahanin the amount of $400.00 per month plus $36 each summer month for day care and alimony pendente lite to Victoria Gallas Cahanin in the amount of $50.00 per month, and he shall be entitled to claim the federal and state exemptions for income tax purposes. Gregory James Cahanin will also maintain the children on his health and hospitalization insurance, and each will pay Vfe of medical and dental costs not covered by insurance.”
The February 23,1984 judgment was not appealed and is now final and binding upon the parties. Thus the February 23rd child support amount was voluntarily included in the judgment by both parties and was based on the November 9th hearing evidence on financial condition. No new evidence of financial condition was brought before the court after the November 9th hearing. At this point, Victoria Cahanin no longer received the $50.00/month alimony pendente lite to which she would have otherwise been entitled.
On May 18, 1984, Greg Cahanin filed a petition for divorce which specifically sought to continue the same child support amounts quoted above. A brief hearing in the nature of a confirmation of a default was held on July 17th. (See: Trans. Vol. III). At that hearing, no evidence of financial condition was introduced. On that same date, the trial court rendered a divorce judgment providing as follows:
“IT IS ORDERED, ADJUDGED AND DECREED, that the default herein entered on July 9, 1984, be now confirmed and made final and, accordingly, let there be judgment herein in favor of the plaintiff, GREGORY JAMES CAHANIN and against the defendant VICTORIA GAL-LAS CAHANIN, granting a divorce ‘a vinculo matrimonii’.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that the joint custody and tutorship agreement set forth in the judgment of this court rendered on February 23, 1984 is hereby maintained.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that petitioner is ordered to pay the defendant the amount of $400.00 per month plus $36.00 each summer month for day care child support for which the plaintiff shall be entitled to claim the federal and state exemptions for income tax purposes, that the plaintiff will also maintain the children on his health and hospitalization insurance; and that each of the parties will pay one-half of the medical and dental costs not covered by insurance.”
The July 17th judgment of divorce and its support provision was not appealed and is final.
On July 26,1985, Victoria Cahanin filed a “Rule for Contempt and to Increase Child Support”. In response thereto, on August 30, 1985 Gregory Cahanin filed a “Rule to Reduce Child Support and to Revise the Joint Custody Plan” as well as an “Answer to Rule for Contempt.” In the “Answer” Gregory Cahanin stated that he didn’t want “his wife getting any more money.” It should be noted that she was and is not getting any alimony. She only receives child support.
On September 18, 1985 a hearing was held on both sets of rules. (See: Supplemental Transcript, Vol. I). At this time and for the first time since November 9, 1983, new evidence of financial condition was introduced. At the close of the hearing, the trial court rendered judgment finding past due child support in the amount of $500.00 and increased child support from the $400.00 per month established November 9, 1983 to $350.00 every two weeks. The court’s judgment was reduced to writing, approved as to form and signed on September 30, 1985. The September 30, 1985 judgment provides:
“IT IS ORDERED, ADJUDGED AND DECREED that the Rules for Contempt, Decrease in Child Support, and Modification of Joint Custody are hereby dismissed;
*1064 IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendant pay child support on the amount of THREE HUNDRED FIFTY AND NO/100 ($350.00) DOLLARS every two weeks, to be mailed on his payday, and that all prior support provisions are to remain in full effect, including but not limited to payment of one-half of medical and dental expenses, and certain payments towards child care costs during the summer, effective upon the filing of the Rule for Increase;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there [be] judgment herein in favor of Victoria Gallas Cahanin and against Gregory James Cahanin in the amount of FIVE HUNDRED AND NO/100 ($500.00) DOLLARS for unpaid child support due through August 30, 1985, together with interest from the due date of each payment until paid, and plaintiffs request for attorney fees and costs are hereby denied.”
On September 27,1985, Gregory Cahanin filed a “Motion and Order for an Appeal” appealing the September 18, 1985 judgment. The order granting the appeal was signed on September 30, 1985.
Accordingly, the only judgment on appeal and presently before this court is the judgment dated September 30 and quoted above.
On appeal, defendant-in-rule Gregory Ca-hanin raises two specifications of error:
1. the trial court erred in increasing child support where no change in financial condition is proven in the record;
2. the trial court erred in increasing child support “without a showing of a change in the needs of the children.”
Turning to the first specification of error, defendant is correct in his statement that a trial court cannot increase or decrease child support payments in the absence of proof of a change in the financial condition of one of the parties.
In the instant case, however, change in financial condition has indeed been proven on the face of the record.
Defendant’s first testimony on his financial condition was at the November 9, 1983 hearing. At that time, he was working at Avondale where his gross income was $1,556.00 and his net was $1,292.00. Shortly after the November 9th hearing, in either December or January, he changed jobs and began working at Walk, Haydel at approximately double the salary. Apparently, defendant concealed his greatly increased financial condition while the parties were developing the joint custody plan and for the next two years.
At the November 9th hearing, Victoria Cahanin received $368.00 gross every two weeks. Her paycheck deductions were:
“Fed. Income Tax 28.50
State Income Tax 3.63
Retirement -0-
FICA Withholding 24.65
Credit Union -0-
Insurance (Hosp.) 30.05
Loans -0-”
Thus, 2 weeks x 2.16667 equals a monthly income of $609.20.[1] The monthly expense list provided to the court provided as follows:
“MONTHLY EXPENSES IN HOUSEHOLD
“D”
Rent or house payment (including insurance) 430.00 + 10.00*
Utilities 100.00
Telephone 20.00
Groceries 200.00
Vehicle note —0—
*1065 [[Image here]]
*1066 [[Image here]]
Mrs. Cahanin included $20.00 for a telephone on her expense list. She did not actually have a telephone because she could not afford one, however, she included it on the list in the hopes that the court would award her $20 a month so she could have a telephone.
Additionally, she included auto insurance on the list. Mr. Cahanin had been paying the automobile liability insurance, but he stopped and the policy was canceled. A month later he notified Mrs. Cahanin that she had been driving without insurance for that period. Accordingly, she added the insurance amounts to the list.
At the November 9th hearing, Mr. Caha-nin provided the following list of income and expenses:
[[Image here]]
*1067 [[Image here]]
In contrast to Mr. Cahanin’s November 9th list, his September 18, 1985 expense list provides as follows:
[[Image here]]
*1068 [[Image here]]
Thus it is apparent on the face of his exhibit that Mr. Cahanin’s financial condition has changed for the better, as his salary has almost doubled. This list, however, understates Mr. Cahanin’s monthly income.
Mr. Cahanin is paid bi-weekly, hence he receives 26 paychecks per year (every other week — 52 weeks per year). The figure shown as his gross, $2832.00 per month, only represents 24 paychecks per year. Mr. Cahanin’s monthly gross is actually $3068.00:
[[Image here]]
Likewise, Mr. Cahanin’s net pay is understated. Instead of netting $1970.00 per month, he actually nets $2134.90 per month. Additionally the over $200.00 per month deducted from his paycheck is not a condition of his employment, but is deducted at Mr. Cahanin’s request.
It is obvious by his own evidence that a change in financial condition has occurred. The trial court did not err in increasing the amount awarded.
For the reasons discussed, the judgment of the district court is affirmed.
AFFIRMED.

(Renter’s Insurance)

. Conversion of 2 weeks to 1 month. $368.00 X 2.16667 = 797.33. $83.83 (Total Deductions) X 2.16667 © $188.13. $797.33 - 188.13 = $609.20. As per testimony. Trans. Vol. II, p. 44.