DUFRESNE, Judge.
This is an appeal from a judgment by the trial court increasing child support pay *855 ments, and making past due payments ex-ecutory.
Plaintiff, Marta Prickett Mortillaro and defendant, Steven J. Mortillaro were married in 1969 and of this union three children were born, a daughter, Rosalie and two sons, Steven, Jr. and Salvatore. The parties were divorced in 1984 and in 1985 they entered into a consent judgment whereby the defendant agreed to pay child support in an amount of $900.00 per month. Subsequently, in 1986, the plaintiff sought to modify this consent decree and moved for an increase in child support payments alleging changed circumstances, and to collect past due child support payments. The defendant countered filing a rule to have the child support reduced.
Judgment was rendered on these issues granting plaintiff an increase in child support to an amount of $1500 per month and awarding past due child support in an amount of $2,250, however the request for attorney’s fees was denied. Further, the court denied defendant’s request for a decrease in child support.
Defendant has appealed the judgment granting an increase in child support and the dismissal of his rule to decrease child support payments.
The issue for our review is whether the increase in child support payments from $900.00 per month to $1500.00 per month was legally justified after considering the evidence and carefully analyzing the relationship of parental incomes with what would be in the best interest of the children.
Louisiana law clearly states that in order for a court to increase (or decrease) a judgment for child support the parent seeking the modification must demonstrate a substantial change in the financial circumstances of either party, or both, from the date of the previous judgment. Scheffler v. Scheffler, 453 So.2d 960 (La.App. 5th Cir.1984).
Both parents have remarried and live in households where their present spouses have children from previous marriages who reside with them. The Mortillaro children reside with their mother (plaintiff) and her husband. Today the plaintiff finds herself wearing another hat, she now has the added responsibility of contributing to the family treasury because she and her husband earn substantially less than her previous marriage. Her lifestyle has changed, as she no longer enjoys the benefits from the financial success of her former husband.
The record reflects that the defendant who is a practicing attorney and an elected Justice of the Peace on the East Bank of Jefferson Parish had an adjusted gross income of $90,210.00 for 1985, and projected income for 1986 of nearly $100,000.00, compared to the plaintiff’s 1985 income of $14,-400.
Under our law, the obligation to support, maintain and educate minor children is contracted by the parents by and with the act of marriage. The obligation is mutual and the degree of support is determined by the needs of the children, as well as the financial circumstances of the parents who are obliged to pay, LSA C.C. arts. 227, 230 and 231.
The trial judge has great discretion in determining the respective ability of each parent to pay. Parents must share equally in the duty of supporting their children, however, the proper standard to use in this case would be to evaluate the children’s lifestyle as if they resided with their father. Therefore, if the defendant-father has an increase in income or has a level of income whereby he would be financially able to contribute to the economic welfare of his children which closely approximates their prior lifestyle, he has an obligation to do so. After review of the record, we find no error with the trial court’s oral reasons for judgment.
An expense of $2400 per month for three children who are 9, 13 and 16 years of age is reasonable under the circumstances. Choosing to enroll the children in private parochial schools, at a cost of $590 per month and providing basic necessities of *856 food, clothing, shelter, and medical care would certainly exceed $1000.00 per month. Additionally, the accustomed lifestyle the children enjoyed during their parent’s marital union deserves preservation whenever possible. We find that the father’s income would adequately handle, without any financial hardship, an increase as determined by the trial court. We agree that $2400 per month cost of living allowance is reasonable and find the defendant-father’s income is sufficient to bear approximately two-thirds of that cost; more particularly, $1500.00 per month for the support of the children. This figure translates to $18,-000.00 annually which represents less than 20 per cent of his 1985 income and would be even less of his 1986 projected income. The record reflects that the defendant has an income almost five times greater than that of his former wife. Economically speaking, to allow the plaintiff-mother, as custodial parent, to bear a disproportionate financial share of the children’s cost of living would be completely unconscionable and unfounded.
Regarding the issue of awarding past due child support payment, we find no error in the award of $2,250.00. The defendant improperly reasoned that he could circumvent the consent decree because of a personal belief that the child support payments were not being utilized for the best interest of his children. The trial court reasoned and we agree, that:
“The court cannot find legally any justification for Judge Mortillaro’s diverting court-ordered support as a credit for personal donations and gifts, which the court does approve of, as a credit against that. The court does find and looks favorably upon his efforts to provide summertime activity, a car for his children, orthodontic repair, haircuts and summertime vacations and day camp. But he did so at his own legal peril, and the courts and the law consistently interpret that as self help. Accordingly bringing that matter up to date, I accumulate the ar-rearage $2,250.”
For the above reasons, the judgment of the trial court is affirmed in all aspects.
AFFIRMED.