YELVERTON, Judge.
Kimberly Reed and Matthew Hargroder were married on May 13,1979, and had one child, Christopher Hargroder. The couple was divorced on November 9, 1982. The judgment of divorce granted the mother sole custody of the child. Matthew Har-groder was ordered to pay $275 per month for child support. Additionally, Hargroder was ordered to pay all medical, drug, dental and hospital expenses for Christopher not covered by hospitalization.
On August 22, 1986, Kimberly filed, and was granted, a motion for an ex parte order restricting the visitation privileges of the father. Hargroder was temporarily restrained from visiting his son. Kimberly also filed a motion for a rule to show cause why past due child support should not be made executory. On September 11,1986, a motion to reduce child support and for joint custody was filed by Hargroder.
All these motions were heard on September 22, 1986. Hargroder was ordered to pay $1,124 in unpaid medical bills in response to Kimberly’s rule. The trial judge denied Hargroder’s motions for a reduction in the amount of child support payments and for joint custody.
The denial of these motions is the reason for this appeal. We affirm.
There is no error in the trial court’s denial of joint custody. The best interest of the child is the sole criterion in deciding custody. La.C.C. art. 146. A trial court’s decision with regard to child custody is entitled to great weight upon appellate review, and we will not disturb that determination unless there is a clear showing of abuse of discretion. Brooks v. Brooks, 469 So.2d 398 (La.App. 3rd Cir.1985). The record does not reveal any abuse of discretion.
The record shows that Hargroder has had a substance abusé problem. He has *663 suffered from emotional problems for which he sought professional help. His employment history is unstable at best. Also, Hargroder admitted to living in open concubinage with a woman to whom he was not married. The trial court found that these problems were still present at the time of trial. All of these factors were considered by the trial judge before he concluded that defendant was not a good candidate for joint custody.
Hargroder next argues that the lower court erred in denying his request for a reduction in the amount of child support. However, the record does not support this assertion of error.
Fathers and mothers, by the very act of marrying, contract together the obligation of supporting, maintaining and educating their children. La.C.C. art. 227. The amount of support is determined according to the needs of the child or children as well as the circumstances of those who are obligated to pay it. Goodrich v. Goodrich, 421 So.2d 962 (La.App. 3rd Cir.1982), writ den. 427 So.2d 1209 (La.1983).
In order to produce a change in child support determined in a judgment the desirous party must show a change in the financial conditions of one of the parties. Richardson v. Richardson, 428 So.2d 1326 (La.App. 3rd Cir.1983). A trial court is possessed of considerable discretion in deciding whether to modify child support awards. Such awards will not be reversed except for an abuse of this discretion by the trial court. Dupuy v. Dupuy, 421 So. 2d 458 (La.App. 3rd Cir.1982).
Hargroder has failed to sustain his burden of proving a substantial change in the needs of the child. Defendant did prove that his current income is less than his income was at the time the judgment of divorce was rendered. However, he failed to prove that this reduction of income prevents him from paying the amount originally awarded. We conclude that the trial court did not abuse its great discretion in refusing to reduce the award.
Hargroder next argues that the restriction placed on his visitation with his son is unreasonable. The trial judge granted Hargroder visitation privileges with his minor son but restricted visitation to the home of the paternal grandparents.
A parent possesses certain natural rights with respect to his child whose custody is given to the other parent, one of which is the right to visit the child. Roshto v. Roshto, 214 La. 922, 39 So.2d 344 (La.1949). The right of visitation is not without its limitations. The rights of any parent are always subservient to the best interest of the child. Maxwell v. LeBlanc, 434 So.2d 375 (La.1983). Considering Har-groder’s past emotional problems and his life-style, it was not unreasonable for the trial court to conclude that it was in the child’s best interest that the visits occur only at the home of Hargroder’s parents.
Appellant’s final argument is that the evidence does not support the lower court’s finding that he owes $1,124.49 in medical expenses and bills. Hargroder claims that only $49.49 is owed for medical bills and expenses.
The record clearly shows that the parties stipulated to the amount of child support payments that were in arrears. They stipulated that the arrearages total $1,075. They also agreed that two medical bills that Reed had incurred on behalf of the child totalled $49.49. These two amounts combine for a total of $1,124.49. The money judgment for $1,124.49 incorrectly and unnecessarily described this amount as “medical expenses and bills”. However, defendant was not harmed by this superfluous error. The fact remains that he owes $1,124.49.
For the above reasons, the judgment of the lower court is affirmed in its entirety. Defendant will pay the costs of this appeal.
AFFIRMED.