DUFRESNE, Judge.
This appeal arises from a trial court judgment denying a decrease in the amount of child support payments by the father. The father appeals, and we affirm.
*1299 While Marta Prickett Mortillaro and Steven J. Mortillaro were married three children were born, namely Steven, Jr., Salvatore and Rosalie.
The couple was divorced April 23, 1984.
Several rules to increase and decrease child support payments have been filed by the parties.
We shall focus our attention upon those which are germane to this appeal.
In November, 1985, a Consent Judgment was entered ordering the defendant to pay child support in the amount of $900.00 per month. In August of 1986, plaintiff filed a Rule to Increase Child Support alleging the changed circumstances of Steve, Jr.’s enrollment in high school and her reduction in income. Furthermore, plaintiff sought ar-rearages as a result of defendant’s failure to comply with the earlier consent judgment. Defendant responded with a rule to decrease the amount of child support payments.
On September 29, 1986, the trial court denied defendant’s rule for reduction, however, granted plaintiff an increase in child support payments, ordering the defendant to pay $1,500.00 per month, which we affirmed on appeal. Mortillaro v. Mortillaro, 507 So.2d 854 (La.App. 5th Cir.1987).
On January 26, 1987, defendant filed a rule to modify child custody and decrease child support. The basis for the rule was to recognize a change in residence of Steven, Jr. who had been living with his father for several months, and further that his income had decreased since the September 29, 1986 judgment.
On May 13,1988, plaintiff filed a rule for contempt, attorney’s fees and to make past due child support payments executory.
After hearing of all rules the trial court rendered judgment denying plaintiff’s rules, but ordering the defendant to pay child support on behalf of his two nonresid-ing children in an amount of $500.00 per child, for every month until each child attains the age of eighteen years. The court further ordered that plaintiff and defendant be awarded joint custody of Steven, Jr., with the defendant/father being the “custodial” parent with reasonable visitation rights granted to the plaintiff/mother.
Defendant has appealed the judgment alleging that the trial court erred in not ordering a reduction since the appellee was making more money than listed on her income statement. Further, that the court did not fully recognize that his income had decreased substantially.
Once the child support obligation has been fixed, a trial court cannot increase or decrease child support in the absence of proof by the mover of a change in the financial condition of one of the parties. Cahanin v. Cahanin, 496 So.2d 1060 (La.App. 4th Cir.1986).
In fixing an amount for child support, the trial court is vested with wide discretion. The factual conclusions of the trial court relative to this issue shall not be disturbed by an appellate court unless there is clear evidence of manifest error.
We are given guidance by our Civil Code and through our courts. LSA-C.C. Article 227 imposes on parents a mutual obligation of support, maintenance, and education of their children. The degree of support is determined according to the needs of the child (or children) and the ability of the parent who is to pay it. Clynes v. Clynes, 450 So.2d 372 (La.App. 4th Cir.1983). We must examine the totality of the circumstances in order to accurately evaluate the amount which a parent should be ordered to pay.
Plaintiff, throughout her marriage with the defendant, was a housewife working equally to rear their children and establish a matrimonial union. Subsequent to their divorce, plaintiff enrolled in nursing school, graduated and became a registered nurse working at East Jefferson Hospital earning $10.90 per hour at the time of subject rule and working a 32 hour work week, with overtime when available.
The defendant asserts that his former wife’s income has increased and her expenses decreased while his financial condition has been turned upside down.
*1300 We are convinced that the trial court’s concern for the financial welfare of the children was to maintain continuity in their lifestyles. Further, the record indicates that the expenses for the children have increased between 1986 and 1988.
Defendant alleges that since the previous hearing of September 29, 1986, his income has substantially decreased. At the time of that hearing, he had realized a portion of a large legal fee which was factored into his 1986 earnings. The remainder was to be reflected in his 1987 return. The total amount realized by defendant from this judgment was $172,000.00, as testified by his accountant, William Dooley. These amounts were considered in the judgment of September 29, 1986. He asserts that these sums are no longer sources of income to defendant; for since the last time in court, defendant asserts income made from his private practice of law was insignificant, a mere $8,000.00 in the past year and several months.
His income as Justice of the Peace has also been down, due to several factors, one of which was a decrease in marriages performed.
Defendant is a licensed attorney in our State and holds an elected public office as Justice of the Peace in the Parish of Jefferson. He is a person who enjoys life, has a new family and is very generous with family and friends. Although he asserts a reduction in earnings and an increase in expenses, the record does not so reflect this when totally viewed.
Defendant’s lifestyle has not been curtailed and his ability to earn substantial income is present. We hold that when the children’s level of accustomed living comes in direct conflict with the parent who desires a reduction in child support because of the parent’s alleged income; then it is the parent whose lifestyle must be affected downward not the children’s. When we review the record we must give great weight to the trial court’s discretion. But above all, we must determine the proper needs of the children and establish an accurate and appropriate award for their support based on the totality of the circumstances.
After review of the record, we have concluded that defendant’s income and corresponding expenditures, as well as the needs of the children, justify an award of $500.00 per child. We fully support the judgment of the trial court and find no abuse of its discretion. Accordingly, we affirm.
AFFIRMED.