WICKER, Judge.
This appeal arises from a judgment dismissing Mr. Martin’s rule to reduce child support and granting Ms. Martin’s rule to increase child support. Mr. Martin now appeals that judgment seeking reversal or, in the alternative, a reduction in the amount. We affirm.
PROCEDURAL HISTORY:
On March 5, 1985 Ms. Martin was granted temporary custody of the minor child, Arthur Martin, Jr. Reasonable visitation rights were given to the father, Mr. Martin. Ms. Martin was awarded $350.00 per month as child support. In addition, Mr. Martin was ordered to pay one-half of the $721.00 house note as child support.
A judgment of separation was granted on May 24, 1985. The parties were divorced on December 30, 1985. The divorce judgment further provided:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all previously set orders of the Court regarding child custody, visitation and support remain in full force and effect pending further orders of the Court.
On January 6, 1986 Mr. Martin filed a “Rule to Establish Joint Custody Plan and to Reduce Support.” He sought a reduction in the amount as well as a request he not be ordered to pay one-half of the house note. He sought a reduction on the basis he was no longer employed part-time. On February 21, 1986 a consent judgment was rendered which provided inter alia the dismissal of Mr. Martin’s rule for reduction of child support.
On April 30, 1986 Mr. Martin again filed a rule seeking inter alia a reduction in child support due to his “inability to work two jobs as he has done since 1984.” That rule was dismissed on September 22, 1986 by the trial judge due to lack of appearance at the hearing by Mr. Martin and/or his attorney.
Although his rule had been dismissed on September 22, 1986, Mr. Martin filed a “Motion to Reset Rule” on October 9, 1986 without having filed a new pleading. The trial judge set the rule for November 5, 1986. No objection was made to the set *1294 ting of the rule. On October 28, 1986 Ms. Martin had filed a rule inter alia to increase child support. It was set for the 5th of November as well.
On November 18, 1986 a consent judgment was rendered denying both the rule to decrease and the rule to increase child support.
On March 25, 1988 Ms. Martin filed seeking inter alia an increase in child support on the following bases: (1) if the court changes visitation and custody she will have increased expenses and (2) if the court allows Mr. Martin to claim the minor child as a deduction, she will also have an increase in expenses.
On July 26, 1988 a consent judgment granted Mr. Martin’s request he be allowed to claim the child as a dependent. The judgment also awarded $400.00 child support per month retroactive to January 1987.
The judgment did not order Mr. Martin to continue paying one-half of the house note as child support. On November 27, 1985 he had become owner of the family home as a result of a partition. He assumed the mortgage liability.
Later, on September 14, 1988 Mr. Martin filed the present rule to reduce child support. He asserted Ms. Martin had remarried and her expenses had been reduced. Ms. Martin filed the present rule to increase on October 13, 1988 stating Mr. Martin’s salary had substantially increased and that the expenses of the child had increased.
On November 22, 1988 the trial judge dismissed Mr. Martin’s rule to reduce and decreed child support be increased from $400.00 to $600.00 per month effective October 13, 1988. Mr. Martin now appeals that adverse judgment and specifies the following errors:
1. The trial court erred when it disregarded the consent judgment of April 12, 1988 in establishing a change of circumstances, and
2. There was insufficient evidence to warrant any increase in child support.
The trial judge stated he was ignoring the last consent judgment of July 26, 1988 and instead considered the last judgment in which child support had been fixed and determined by the district judge. In so stating, he appeared to approve the holding in Moore v. Moore, 256 So.2d 782, 784 (La.App. 4th Cir.1972) which held a consent judgment of an award of alimony or child support “does not constitute an award ‘previously fixed and determined’ by the court.” The court in Moore further held proof of change in circumstances is not required to change a consent judgment.
Moore, supra, was overruled in Bernhardt v. Bernhardt, 283 So.2d 226, 228-229 (La.1973). In Bernhardt the Supreme Court stated:
The second issue presented upon this review concerns relator’s contention that the divorce judgment rendered, which contained a “consent” alimony and child support provision, does not constitute an award “previously fixed and determined.” [footnote omitted]. Relator relies solely upon Moore v. Moore, 256 So.2d 782 (La.App. Fourth Cir.1972), which held that the rule requiring a change in circumstances before modification of an alimony award is not applicable where the reduction is sought'from a consent judgment, since such a judgment does not constitute an “award previously fixed and determined” by the court.
We are of the opinion that the Fourth Circuit’s determination in Moore, supra, is unsound and incorrect. That case is hereby overruled.
We followed the Bernhardt holding in Lacassagne v. Lacassagne, 430 So.2d 818, 821 (La.App. 5th Cir.1983) when we held:
When the parties seek to modify child support previously fixed in a consent judgment, the party seeking the modification must prove a change of circumstance of one of the spouses. Such change must occur between the date of the consent judgment and date of the rule for modification, [citation omitted]
See also, Somme v. Somme, 524 So.2d 258, 259 (La.App. 5th Cir.1988).
*1295 Louisiana jurisprudence has therefore applied La.R.S. 9:311(A) to consent judgments. La.R.S. 9:311(A) provides:
An award for support shall not be reduced or increased unless the party seeking the reduction or increase shows a change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award.
Thus, the trial judge’s statement that he was ignoring the April 12, 1988 consent judgment in determining whether Ms. Martin met her burden in proving a change in circumstances would constitute an error of law had he actually ignored the correct time frame. He should have considered whether Ms. Martin met her burden of proving a change of circumstances between April 12, 1988, the date of the last consent judgment and October 13, 1988, the date of Ms. Martin’s rule to increase. Nevertheless, despite the trial judge’s expressing his view that the consent judgment of April 12, 1988 was not relevant to determining change in circumstances, there was evidence introduced showing a change in circumstances from the necessary dates of April 12, 1988 to October 13, 1988 to support his judgment. The trial judge considered all of the evidence, which necessarily included the relevant time period.
When the trial judge increased child support from $400 to $600 per month, he concluded the child’s expenses had increased in the areas of housing, food, clothing, tutoring and tuition. He also found Mr. Martin’s 1988 income to be $48,000.00 and therefore sufficient to support the increased award.
We have held “[i]n fixing an amount for child support, the trial judge is vested with wide discretion. The factual conclusions of the trial court relative to this issue shall not be disturbed by an appellate court unless there is clear evidence of manifest error.” Mortillaro v. Mortillaro, 540 So.2d 1298, 1299 (La.App. 5th Cir.1989). Furthermore, we examine the totality of the circumstances in evaluating the amount set. Mortillaro, supra. “The degree of support is determined according to the needs of the child ... and the ability of the parent who is to pay it.” Id. at 1299.
“While we cannot apply a mathematical formula to determine a dollar value each should contribute, we should and do consider the totality of the relevant circumstances.” Simon v. Simon, 450 So.2d 755, 757 (La.App. 5th Cir.1984).
The testimony at trial set forth the following:
Ms. Martin testified she remarried in August 1988. She and her present husband purchased a house. Her present financial statement was introduced into evidence. It shows a rent/house payment portion attributable to the child of $168.66. That figure represents one-third of the house note of $506.00.
She testified she was previously paying $375.00 in rent and that the house note resulted in an increase in expenses for the child.
Ms. Martin has itemized as separate expenses on her financial statement the child’s portion of property taxes, insurance, maintenance and repair, making his total portion for present housing expenses $228.66.
When she rented prior to her remarriage, the child’s portion would have been one-half of $375.00 or $187.50. Thus, she shows an increase in lodging expense for the child of $41.16 per month even considering her remarriage.
Ms. Martin specifically testified the child’s expenses have increased since April 12, 1988 in the following areas: clothing, recreation, tutoring as well as others. Later, she testified his tuition has increased each year. With regard to tutoring she stated that new expense is $15.00 per week.
Ms. Martin further testified the child’s clothing expenses are presently $75.00 and that this expense has increased since April *1296 12, 1988. Additionally, she stated his recreational expenses have increased since April 12,1988. She listed $75.00 per month on her financial statement for his recreational expense.
After reviewing the record we cannot say the trial judge abused his wide discretion since there is testimony supporting his factual conclusions. Accordingly, the judgment increasing the child support to $600 is affirmed at appellant’s cost.
AFFIRMED.