WILLIAMS, Judge.
The sole issue in this case is whether the trial court erred in denying a rule for the reduction in child support filed by defendant, James Taylor. After reviewing the testimony and evidence, we affirm.
On December 1, 1988, judgment was rendered[1] granting to James and Roberta Ward Taylor separation based on mutual fault. By stipulation of the parties, custody of the minor child of the marriage was granted to Mrs. Taylor. Mr. Taylor was ordered to pay child support in the amount of $1,000.00 per month and to maintain health insurance for the child and Mrs. Taylor.
On May 25, 1989, Mr. Taylor filed a rule for reduction in child support, alleging that his salary had decreased and expenses attributable to past due community debts had increased since the date of the judgment of separation. The trial court denied the reduction in child support, and Mr. Taylor filed this appeal.
At the July 5, 1989 hearing on the rule, Mr. Taylor testified that since December, 1988 his salary had decreased. The 1988 tax returns filed into evidence by Mr. Taylor show a 1988 income of $49,385.00. A paycheck stub in evidence shows that Mr. Taylor’s year to date earnings through June 3, 1989 amounted to $21,460.72. The projection of this amount through the end of 1989 gives a total salary of $42,921.44 for that year. Mr. Taylor attributed this $6,463.56 decrease[2] in salary to Chevron’s discontuance of his overtime. Mr. Taylor testified that he lives with his father and, since the December judgment, has the added housing expenses of $100.00 per month *79 rent and $15.00 per month in household supplies. Other expenses consist of a $100.00 monthly payment to Louisiana National Bank for a trailer note and $300.00 monthly payment[3] to Gulf Loan Company for a $5,000.00 loan obtained by the parties when they married, both of these community obligations. Mr. Taylor testified that the payments to Louisiana National Bank and Gulf Loan Company are new expenses because Mrs. Taylor had been the party responsible for making the payments prior to the separation. However, both debts were incurred prior to the separation, and Mrs. Taylor testified that payments were always made from Mr. Taylor’s paycheck. Mr. Taylor stated that he places $50.00 each month into a savings account. The bulk of this account is presumably community property, as it was opened during the marriage. Mr. Taylor admitted to “partying” with another woman in a motel room for $30.00 a night, although the frequency of these meetings is not revealed in the record.
Mrs. Taylor testified that she is unemployed except for an occasional temporary job as a substitute teacher for $30.00 a day. She pays a $378.69 trailer note (not the same trailer as she shared with Mr. Taylor during the marriage).[4] Generally, she and the child both live off of the $1000.00 monthly child support payment, most of which is used for the child. This has not changed since the December, 1988 judgment.
Louisiana law imposes upon both parents a mutual obligation to support, maintain and educate their children. LSA-C.C. art. 227. The amount of support is determined according to the needs of the child and the circumstances of those obligated to pay it. LSA-C.C. arts. 230, 231; Marcus v. Burnett, 282 So.2d 122, 124 (La.1973); Reed v. Hargroder, 525 So.2d 661, 663 (La.App. 3d Cir.1988); Mortillaro v. Mortillaro, 540 So.2d 1298, 1299 (La.App. 5th Cir.1989).
LSA-R.S. 9:311(A) provides the standard for a modification of child support payments. It reads:
An award for support shall not be reduced or increased unless the party seeking the reduction or increase shows a change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification.
The granting or modification of an award of child support is within the sole discretion of the trial court and will not be disturbed absent clear abuse of that discretion. Crane v. Crane, 541 So.2d 250, 251 (La. App. 4th Cir.1989); Durbin v. Durbin, 424 So.2d 1130, 1132 (La.App. 1st Cir.1982). Not every change in circumstances necessarily warrants a change in child support. Rather, we must consider the needs of the child and the totality of the circumstances in each particular case. See Mortillaro v. Mortillaro, 540 So.2d at 1300.
We conclude in the instant case that the trial court acted within its discretion in denying Mr. Taylor’s rule for reduction of child support. Mr. Taylor’s indebtedness to Louisiana National Bank and Gulf Loan Company was incurred prior to the separation and cannot be considered a change in circumstance. Although the record shows a decrease in Mr. Taylor’s salary, Mr. Taylor did not prove that the reduction in his income rendered him unable to pay the amount originally awarded. Thus, the decrease in Mr. Taylor’s salary does not warrant a reduction in child support payments in this case. Hall v. Hall, 535 So.2d 790, 793 (La.App. 2d Cir.1988); Reed v. Hargroder, 525 So.2d at 663. See also Gatte v. Gatte, 524 So.2d 1296 (La.App. 3d Cir. 1988).
Mr. Taylor argues that the trial court erred when it denied the reduction even after Mrs. Taylor stated that she uses a portion of the support payment for her own needs, particularly for food. However, there is nothing in the record which indi *80 cates that the trial court considered anything other than the needs of the child and the circumstances of the supporting parent. Mr. Taylor simply failed to show a change in circumstances which warrant a reduction in child support payments. In light of all the circumstances, we cannot say that the trial court erred in denying a reduction.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.

. Judgment was signed May 2, 1989.

. This figure was miscalculated at the hearing, first as $9,000.00 by Mr. Taylor, then as approximately $8,000.00 by Mr. Taylor’s attorney.

. Garnishment of wages.

. The record is unclear as to the source of the funds for the trailer payment. While Mrs. Taylor testified that she pays the note on a regular basis "when (she gets her) child support payments like (she is) supposed to," she also stated that her father is helping her buy the trailer.